CHARLES SHINSKY *v.* STATE OF ARKANSAS

5581

466 S. W. 2d 909

Opinion delivered May 10, 1971

[Rehearing denied May 31, 1971.]

*Tinnon, Crain & Neimic,* for appellant.

*Ray Thornton,* Attorney General; *Milton R. Lueken,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was sentenced to four years imprisonment upon a jury ver-

dict finding him guilty of illegal possession of narcotic drugs; namely, marijuana and LSD. The drugs were discovered by police officers while they were searching a trailer occupied by Shinsky. The principal argument for reversal is that the magistrate who issued the search warrant did not have sufficient proof before him to justify the issuance of the warrant.

The rules of law that were controlling when this search warrant was issued are well settled. A search warrant might then be issued on the basis of oral testimony. *Tygart* v. *State*, 248 Ark. 125, 451 S. W. 2d 225 (1970). (Act 123 of 1971 now provides that the warrant be issued only upon affidavit.) The proof may consist of hearsay information, but in that event the magistrate must be furnished with underlying facts sufficient to enable him to exercise his independent judgment about the validity of the informant's conclusions and about the reliability of the informant's source of information. *Spinelli* v. *United States*, 393 U. S. 410 (1969); *Aguilar* v. *Texas*, 378 U. S. 108 (1963).

Two witnesses testified at the hearing below on the defendant's motion to suppress the evidence. James D. Lester, a Criminal Investigator for the State Police, obtained the search warrant from Judge Engeler, the municipal judge at Mountain Home. Officer Lester identified the affidavit that he submitted to Judge Engeler, which simply stated that certain drugs would be found on Shinsky's person and in his trailer, which was sufficiently identified. The affidavit alone would not have been a sufficient basis for the issuance of the search warrant.

Judge Engeler, before issuing the warrant, placed Officer Lester under oath and heard his testimony. Lester's testimony before the judge was to this effect: On the night of May 20, 1970, Lester was informed by John Turnage that three persons—Tim Winkler, Larry Corbin, and an unidentified woman—had apparently been under the influence of narcotics at Turnage's residence. Officer Lester interviewed Winkler and the woman, who admitted the truth of Turnage's statements.

The two also said that they had gone to a place known as Popeye's, in Memphis, Tennessee, to obtain drugs for themselves and for several others, one of whom was the defendant Shinsky. Winkler said that he had personally delivered drugs to Shinsky and to others. Winkler also said that the drugs would be consumed at Shinsky's trailer on the evening of May 21. Under the authority of the warrant the officers searched the Shinsky trailer on that evening and found the drugs.

The other witness at the hearing was Judge Engeler, who corroborated Officer Lester's testimony. Upon the basis of that proof, which was not contradicted, the circuit judge held that Judge Engeler had had before him sufficient proof to sustain the issuance of the warrant.

We agree with the trial court. As Officer Lester pointed out, Turnage's statements were later verified in every detail by other evidence. Both Tim Winkler and the woman appeared to have direct first-hand knowledge of the facts which they related to the officers. Popeye's place was already known to the police as an outlet where illegal drugs could be purchased. Taking the testimony as a whole, we are convinced that Judge Engeler had before him sufficient evidence to enable him to reach his own independent conclusion that the underlying facts supported Officer Lester's belief that Shinsky had illegal drugs in his possession and that Lester's informants were credible and reliable sources of information. Therefore Judge Engeler was justified in finding the existence of probable cause for the issuance of the warrant.

Secondarily, the appellant contends that the trial court should have granted a continuance to permit the accused to obtain the testimony of Tim Winkler. On the date of the trial Winkler was apparently in the military service, at an overseas station. Shinsky's motion for a continuance did not disclose either what Winkler's testimony would be or when he would be available as a witness. There is nothing in the record to suggest that Winkler's testimony would be favorable to the accused; in fact, the implications are to the contrary. In the cir-

cumstances no abuse of the trial court's discretion in the matter has been shown. *Fisher* v. *State,* 241 Ark. 545, 408 S. W. 2d 894 (1966), cert. den. 389 U. S. 821 Ark. 545, 408 S. W. 2d 894 (1966), cert. den. 389 U. S. 821 (1967); *Maxwell* v. *State,* 216 Ark. 393, 225 S. W. 2d 687 (1950).

Affirmed.