Otha Lee RUSSELL and Lovell DAVIS
*v.* STATE of Arkansas

CR 77-124                                      559 S.W. 2d 7

Opinion delivered November 21, 1977
(Division II)
[Rehearing denied January 9, 1978.]

448

*Hightower and McCaa*, by: *James C. McCaa, III* and *Thomas G. Montgomery*, for appellants.

*Bill Clinton*, Atty. Gen., by: *Robert J. Govar*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Otha Lee Russell and Lovell Davis were jointly charged, along with Rosie Shumate, with the aggravated robbery of Christopher Layman, Manager of the Crawfordsville Branch of Earle State Bank in Crawfordsville on September 1, 1976. They were jointly tried and found guilty. A verdict of acquittal of Rosie Shumate was directed. Both appeal, seeking reversal of the judgments of conviction. We find no reversible error and affirm both judgments.

We shall first consider the appeal of Russell. He presents two points for reversal, viz:

I

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION FOR CONTINUANCE, EFFECTIVELY DENYING THE APPELLANT HIS CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND TO DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

II

THE TRIAL COURT ERRED IN PERMITTING

THE STATE TO INTRODUCE EVIDENCE OF OTHER CRIMES NOT CONTAINED IN THE INFORMATION FOR WHICH THE APPELLANT WAS TRIED.

The trial was held on November 30 and December 1, 1976. Russell was represented by appointed counsel, James C. McCaa III. Notice of trial date dated November 10, 1976, was given by the clerk, who certified that a copy was served on the defendant Russell and his attorney, James McCaa III, by mail, posted on November 10. Just before the trial was commenced, Russell's attorney orally moved for a continuance on the ground that he was appointed appellant's attorney on November 10, only 20 days preceding the trial and had not had sufficient time to prepare an adequate defense. The motion for continuance was denied. The trial judge had checked the record and found that it reflected that McCaa had been appointed and notified of his appointment on September 20, 1976. McCaa stated that he did not recall having received any notice earlier than approximately November 10.

Rule 27.3, Arkansas Rules of Criminal Procedure, provides that the court shall grant a continuance only upon a showing of good cause. In this respect, it is not materially different from Ark. Stat. Ann. § 43-1705 (Repl. 1964) which provided that the court may postpone a trial upon sufficient cause shown by either party. The matter of continuances is addressed to the sound judicial discretion of the trial court, and its action will not be reversed on appeal in the absence of such a clear abuse of that discretion as to amount to a denial of justice. *Kelley* v. *State*, 261 Ark. 31, 545 S.W. 2d 919. The burden of demonstrating that there has been an abuse rests upon appellant. *Kelley* v. *State*, supra.

Assuming that Russell's attorney did not receive notice of his appointment until November 10, he has failed to show any abuse of discretion. Even though the notice indicated that the appointment covered six different charges against Russell, as he suggests, the trial court was never advised, either when the motion was presented, or by motion for new trial, what the attorney failed to do that could have been

done, or what he did that he would not have done, if he had been afforded more time. Although we could hardly find an abuse of discretion upon some basis not presented to the trial court, appellant does not even suggest here what effect the time limitation had upon his defense. The only prejudice he mentions is the 45-year sentence imposed.

We have upheld denials of motions for continuance on similar contentions many times. In *Shinsky* v. *State,* 250 Ark. 614, 466 S.W. 2d 909, we held that there was no abuse of discretion in denial of a motion for continuance which simply stated that appellant's counsel had not had adequate time to prepare a defense, even though almost four weeks intervened between the defendant's arrest and trial. We find no significant difference between that case and this one. We have held that there was no abuse of discretion or arbitrary action in refusal of a continuance when the defendants had about three weeks to prepare for trial, *Meyer* v. *State,* 218 Ark. 440, 236 S.W. 2d 996, and in the absence of any showing of prejudice, we cannot say that refusal of a continuance is error. *Nash* v. *State,* 248 Ark. 323, 451 S.W. 2d 869.

Russell's argument on the second point is that the court permitted the state to produce evidence of an aggravated robbery in the theft of a truck, of interference with a law enforcement officer, of kidnapping, and another aggravated robbery charge. He emphasizes the fact that he was charged with these other crimes in informations separate and distinct from the charge of aggravated robbery on which he was tried. We find no merit in this contention. In the first place, the abstract of the record does not disclose any objection by Russell to any of this testimony. Furthermore, the evidence presented related a continuous course of conduct beginning with the entry of the robbers into the office of the bank until their apprehension after they had abducted one of the bank employees in leaving the bank. During this interval, they had taken the automobile of the bank's manager and used it to flee from the scene, had commandeered a pickup truck belonging to Henry Williams, after they had run the bank manager's auto into a ditch, and had fired at the officers who were pursuing them. Appellants were then apprehended at a road block. At that time, they were occupying the pickup

truck and were in possession of the money stolen from the bank, along with some firearms and ammunition.

Even though evidence of separate and isolated crimes or facts having no bearing upon the charge under investigation cannot be shown, evidence showing all the circumstances connected with that particular crime may be shown, even if in doing so, other criminal offenses are brought to light. *Butt* v. *State,* 81 Ark. 173, 98 S.W. 723, 118 Am. St. Rep. 42. We have held that when acts are intermingled and contemporaneous with one another, evidence of any or all of them is admissible to show the circumstances surrounding the whole criminal episode. *Polk* v. *State,* 252 Ark. 320, 478 S.W. 2d 738. There the "other crime" was a robbery of which the defendant had been acquitted, but evidence of the robbery was held admissible in the trial of a separate charge of larceny based on the theft of an automobile used in leaving the scene of the robbery. See also, *Decker* v. *State,* 255 Ark. 138, 499 S.W. 2d 612. To be contemporaneous, such acts need not be done simultaneously with the offense charged. If they are substantially contemporaneous, and are intermingled to such an extent that they form an indivisible criminal transaction and the full proof of any one of them cannot be presented without showing the others, then evidence of any or all of them is admissible against a defendant on trial for any offense which is a part of the whole criminal scheme. *Harris* v. *State,* 239 Ark. 771, 394 S.W. 2d 135, cert. den. 386 U.S. 964, 87 S. Ct. 1043, 18 L. Ed. 2d 114. Thus, we have held that robbery of the husband after the rape of his wife was admissible in a trial on the charge of rape, over the objection that the robbery was a separate crime having no bearing upon the charge of rape. *Ingram* v. *State,* 255 Ark. 6, 498 S.W. 2d 862. There the husband and wife were together when they were abducted before the rape and the husband had been locked in the trunk of an automobile during the actual rape. We said that the proof of the robbery was relevant as tending to show that the defendants committing it were the perpetrators of the offense of rape, even though both the husband and wife identified the defendants. It certainly could not be said that evidence of the apprehension of defendants at the road block and their possession of weapons, ammunition and the money stolen from the bank was inadmissible for the purpose of es-

tablishing the identity of the perpetrators of the crime, beyond reasonable doubt, and to corroborate the testimony of the witnesses at the bank as to elements of the crime charged. If this evidence was admissible, then it was permissible to connect the apprehension with the robbery, by evidence of the continuous sequence of events intervening. They were all a part of one unbroken transaction and were admissible to explain the acts of the defendants and to put the jury in possession of the entire transaction. *Renfroe v. State,* 84 Ark. 16, 104 S.W. 542.

Evidence pertaining to the flight of the accused from the scene of the robbery was admissible as a circumstance to be considered with other evidence in determining probable guilt of the accused, including evidence of any criminal conduct constituting an inseparable part of the flight, even though evidence of the flight is cumulative. *Murphy v. State,* 255 Ark. 90, 498 S.W. 2d 884. The evidence questioned here was clearly admissible.

Appellant Lovell Davis also raises two points for reversal. His first point is identical to Russell's second point and his argument is a verbatim copy of that made on behalf of Russell. What we have said in treating Russell's second point disposes of this issue, except for the fact that an objection to testimony of any witness about the flight from the bank, the abduction of the employee, the stealing of a vehicle and the subsequent stealing of a truck was made by Davis' attorney.

Davis also asserts the following point for reversal:

THE TRIAL COURT ERRED BY GRANTING THE STATE'S MOTION FOR DISCOVERY AND PRECLUDING THE TESTIMONY OF THE APPELLANT'S WITNESS.

The prosecuting attorney moved to require the defendant to disclose the nature of the defense to be asserted and the names and addresses of persons whom defense counsel intended to call as witnesses in support thereof. The motion was made under Rule 18.3, Rules of Criminal Procedure. Davis responded by asserting that Rule 18.3 was not intend-

ed to allow the state to discover in advance of trial "all defenses and/or witnesses" intended to be presented at trial; and, if so, that the rule is unconstitutional under the Fifth and Fourteenth Amendments to the Constitution of the United States. The trial court granted the motion but Davis, on advice of counsel, refused to furnish the information requested.

At the conclusion of the evidence on behalf of the state, appellant's attorney made the following statement:

> There was a witness that I intended to call, Mr. James Gracey, and Mr. Gracey has not been summoned or brought forward because of the Court's ruling, but the defendant did not comply with the order to provide Mr. Gracey's name to the prosecution in advance. This is the first time that Mr. Gracey's name has been brought forward.

Later, the attorney said that he was not producing Mr. Gracey, "at this time" and, when the trial judge responded that it was the attorney's duty to comply with the court's orders, the attorney stated that he had not received Mr. Gracey's name until after the court had made the order requiring disclosure of the names of witnesses. The attorney's concluding remark was:

> Your Honor, if I may reply; I do feel that I had complied with the Court's orders, and I am advising of the names of the witnesses at this time, at the time to present the defense, and that the witnesses will not be called, and that the defendant, Lovell Davis, intends to rest his case at this time in that regard in compliance with the Court's ruling.

Of course, there was not a compliance with the court's orders and appellant's attorney had previously admitted that there had not been. We have absolutely no means of saying that the trial court abused its discretion with reference to the witness Gracey. The court's order certainly did not require disclosure of the identity of a witness of which the defendant was at the time unaware. There was no showing that, by the

exercise of proper diligence, Davis or his attorney could not have discovered the witness or obtained his name. But the witness was not present to testify and no effort was made to subpoena him. And, fatal to Davis' argument here, no proffer was made. So far as we know, or can tell from the record, Gracey's testimony may well have been inadmissible. We simply cannot find reversible error on such a record.

It does not appear from the statement of this point that Davis contends that he was prevented from testifying by the court's ruling, but in his argument, he states that, in compliance with the court's order, the appellant "neither testified himself nor called James Gracey to testify." There is absolutely nothing in the abstract of the record to show that the trial judge ever ruled that Davis could not testify or that Davis ever offered to testify.

On the record before us, we do not reach the constitutional question. We should point out, however, that a similar rule has been sustained in *Williams* v. *Florida,* 399 U.S. 78, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970). There the rule required a defendant to give notice of an alibi defense and to furnish the prosecuting attorney with the names and addresses of witnesses by whom he expects to establish his alibi. The arguments against constitutionality rejected there were substantially those advanced by Davis here, and are the gist of the dissent of Justices Black and Douglas in that case. We should also state that it appears that reciprocal discovery procedures provided by Rule 17, Rules of Criminal Procedure, may well distinguish the Arkansas rule from that struck down in *Wardius* v. *Oregon,* 412 U.S. 470, 93 S. Ct. 2208, 37 L. Ed. 2d 82 (1973), where the court said that the growth of such discovery devices was a salutary development which enhanced the fairness of the adversary system.

The judgments are affirmed.

We agree. HARRIS, C.J., and HOLT and ROY, JJ.