84

CR 80-169                                    607 S.W. 2d 378
Supreme Court of Arkansas
Opinion delivered November 10, 1980

*Paul Johnson*, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold L. Jochums*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Cleveland Parker's conviction for aggravated robbery must be reversed because the trial court failed to grant a continuance.

Parker's case was set to be tried before a jury November 5, 1979. His attorney also represented William Compton whose criminal case was later set for the same day. Parker's attorney was certain that at the time the Compton case was set the court told him that the Parker case would be rescheduled.

Shortly before trial date, the Compton case was passed. On the Friday afternoon before Monday, November 5th, Parker's attorney was called and told the Parker case would be tried as originally scheduled.

Parker's lawyer filed a motion for continuance the first thing Monday morning. He said that (1) he had been informed that the Parker case would not be tried that day; (2) he was unable to prepare for the case over the weekend because he had not been able to locate any of the witnesses; and, (3) he had not even located the accused until Sunday afternoon.

The court called as a witness the "case coordinator." She testified that the docket reflected that the Parker case was set for November 5th and that she had not changed it or notified Parker's lawyer that the case would be reset. On cross-examination she admitted that the handwriting on the docket regarding both cases was not hers but apparently that of another court employee.

Parker's attorney took the witness stand and said that he did not object when the Comptom case was set for trial the same day as the Parker case but that he had pointed out to the court that the Compton case would take about a week to try and the Parker case should be reset. He said the court informed him that the Parker case *would* be rescheduled. Consequently, Parker's lawyer testified that he did not prepare for the case and did not know it would go to trial on November 5th until he was notified on the previous Friday afternoon.

The court never commented one way or the other but asked Parker's lawyer if he could get ready in thirty minutes since a jury was waiting. Parker's lawyer said he would do the best he could.

There is no doubt that Parker's lawyer acted in good faith. In addition to granting a thirty minute delay, the trial court remarked:

> I think what we'll do is go ahead and try the case and see how it goes and I will keep in mind that I might, depending on the circumstances, grant a new trial. If the verdict should go against the defendant. . . .

At the conclusion of the trial, Parker's attorney renewed the

motion for a continuance and the judge denied it without comment.

The law in regard to a continuance was stated in *Russell v. State*, 262 Ark. 447, 559 S.W. 2d 7 (1977), where the court stated:

> The matter of continuances is addressed to the sound judicial discretion of the trial court, and its action will not be reversed on appeal in the absence of such a clear abuse of that discretion as to amount to a *denial of justice*. [Emphasis added.]

We believe in this case that the defendant did not obtain a fair trial. He was denied an opportunity to present his case and this denial resulted neither from actions of his own nor through the negligence or intentional misconduct of his attorney which might be attributable to him. Two key witnesses were unable to be located in time and their testimony was critical to his defense.

There is no doubt that there was a mix-up which could not be solely attributed to Parker's counsel. In fact, the counsel's testimony was not denied. The court was in a perfect position to comment that the facts were not as Parker's attorney represented them. It failed to do so. In any event, a criminal trial is not such a casual thing that when such a mix-up occurs, a trial can proceed without regard to whether one can be given a fair opportunity to present his case.

Parker's counsel also argues that the evidence was insufficient to warrant a finding of guilt for aggravated robbery. The victim said that Parker put his hand in his pocket and asked for money; she thought he had a gun and she was scared. That was sufficient evidence to support a finding of aggravated robbery. The situation is unlike the case where the defendant had his hand in his shirt, the victim did not think he had a gun and was not scared. *See Fairchild* v. *State*, 269 Ark. 273, 600 S.W. 2d 16 (1980).

Reversed and remanded.

Fogleman, C.J., and Stroud, J., dissent.

Mays, J., not participating.

John F. Stroud, Justice, dissenting. At the arraignment of appellant on July 16, 1979, both he and his counsel were informed by the court that the case was set for a jury trial on November 5, 1979. Thereafter, another criminal case, *State* v. *Compton*, in which appellant's counsel also represented the defendant, was transferred to the same division of the Pulaski County Circuit Court in which this case was pending and it was also set for a jury trial on November 5, 1979. Appellant's counsel testified at the pretrial hearing on his motion for continuance, as to the discussion that occurred at the arraignment of Compton:

> We were looking for a week in which to try Compton. The week of November the 5th was free except for one case that was involving Cleveland Parker, Jr. Which was set for jury trial, Monday. At that time, I was informed and as I recall by the Court that we *could* reset Parker and try Compton that week. With that in mind I never thought or bothered to do any more on the Parker case until I received notice of it when it would be reset. The State subsequently requested that Compton be continued. This was about two weeks ago. And this Court — I believe entered its order without objection transferring it to December the 17th. It was not until Friday, November 2nd, this Friday that I was aware that Cleveland Parker was still on the docket. (Emphasis added.)

The only way the criminal courts of this state can hope to handle their caseloads is to continue their practice of setting more than one jury trial on the same date. The court's case coordinator testified at the pretrial hearing that it was not unusual for four or five jury trials to be scheduled for the same day. In spite of the best efforts of the trial judges to encourage the early negotiation of pleas, every trial lawyer knows it is common for defendants to change their pleas to guilty on the day of trial. When an attorney has two criminal

jury cases set for the same day, he simply must be prepared for trial in both of them.

The attorney's testimony that the court told him "we *could* reset *Parker* and try *Compton*" falls far short of the certainty required for an attorney to safely consider that a case has been passed. This is particularly true here where he agreed with the state and the court to a resetting of the *Compton* case knowing that the only other case that had been set for that entire week was his case. Appellant's attorney received no written notice that this case had been continued or reset, the case coordinator testified that she had never notified counsel for Parker that the case would be reset, and the docket sheet showed the case still set for November 5, 1979. I do not question that the attorney held the honest but mistaken belief that this case would be reset for trial, but when the Compton case was reset some two weeks before November 5th, he should have at least checked to see if this case was still set for that date.

Appellant's attorney testified that he was not aware until Friday, November 2, that this case was still on the docket for trial on November 5. He said he tried to call the judge about 2:30 or 3:00 p.m. on November 2, but was unable to reach him. Even though there obviously was time to issue subpoenas on November 2d, none were issued. The attorney told the court when he presented his motion for a continuance that "the biggest problem that has been caused by this is the inability for us to get out witnesses." Ark. Stat. Ann. § 27-1403 (Repl. 1979), which applies to both civil and criminal cases, provides in part:

A motion to postpone a trial on account of the absence of evidence *shall*, if required by the opposite party, be made *only upon affidavit* . . . and if it be for an absent witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, that the affiant himself believes them to be true, and that the witness is not absent by the consent; connivance, or procurement of the party asking the postponement. (Emphasis added.)

Although appellant's attorney filed an affidavit in support of his motion for continuance, he did not include any of the items required by § 27-1403 to postpone a trial due to the absence of witnesses, nor did he include any of those requirements in his testimony at the pretrial hearing. The failure to file the affidavit is a significant factor in appellate review of the trial court's denial of a motion for continuance. *Leach* v. *State*, 229 Ark. 802, 318 S.W. 2d 617 (1958). At the conclusion of the trial, appellant made three motions, one of which was a renewal of his motion for continuance, but when he filed his written motion for a new trial on December 6, 1979, it was limited solely to the question of the sufficiency of the evidence. This court has consistently held that the matter of granting or denying a continuance in a criminal case is within the sound judicial discretion of the trial court and should not be disturbed on appeal in the absence of a clear abuse of that discretion. *Thacker* v. *State*, 253 Ark. 864, 489 S.W. 2d 500 (1973); *Russell* v. *State*, 262 Ark. 447, 559 S.W. 2d 7 (1977).

Because I find no abuse of discretion by the trial court in denying the motion for continuance, and because I agree with the majority of this court in rejecting appellant's second point of error on appeal that the evidence was insufficient to support the conviction of aggravated robbery, I would affirm the judgment of the trial court.

FOGLEMAN, C. J., joins in this dissent.