## Marvin BRANDON *v.* STATE of Arkansas

CR 84-92                           678 S.W.2d 343

Supreme Court of Arkansas
Opinion delivered October 29, 1984
[Rehearing denied December 3, 1984.*]

*C.C. Gibson, III,* for appellant.

*Steve Clark,* Att'y Gen., by: *Velda P. West,* Asst. Att'y Gen., for appellee.

*Hubbell, C.J., and Purtle, J. would grant rehearing.

GEORGE ROSE SMITH, Justice. The appellant, Marvin Brandon, was found guilty of rape and burglary and was sentenced as an habitual offender to consecutive sentences of 30 and 10 years. The sufficiency of the evidence is not questioned, the testimony not even having been abstracted. Our limited examination of the record discloses ample substantial proof to support the verdicts.

We shall consider together the appellant's two related arguments for reversal: (1) The trial court failed to appoint counsel for Brandon within a reasonable time, and (2) after that delay the court abused its discretion in denying counsel's motion for a continuance on the morning the trial began.

The pertinent facts are not in dispute. The crimes were committed in Wilmot on May 28, 1983. Brandon was arrested at the scene. On May 31, a Dr. Gambel, employed by Delta Counseling and Guidance in Monticello, apparently called the Wilmot chief of police and said that he had examined Brandon since his release on parole three weeks earlier, that Brandon was not responsible for his actions, and that he should be sent to the State Hospital for a 30-day evaluation. The prosecuting attorney learned about Dr. Gambel's call and obtained a court order by which Brandon was sent to the State Hospital on June 13. Dr. Rosendale submitted a brief staff report finding that Brandon had no major mental disorder but was malingering, that at the time of the offense he did not lack the capacity to be criminally responsible, and that he could cooperate in his defense.

The case was to be tried on November 10. By reason of a court clerk's oversight, C.C. Gibson III was not notified of his appointment as defense counsel until October 21, when he received notice of his appointment together with the prosecutor's discovery material and a copy of Dr. Rosendale's brief report. On October 28 Attorney Gibson filed a motion for continuance, alleging generally that he needed more time to prepare for trial.

The motion for continuance was among ten motions

presented in chambers before the selection of the jury began. Defense counsel appeared to be well prepared. Seven of his motions were sustained. Two others, touching on trivial points, were denied and are not relied upon as a basis for reversal.

The motion for continuance was discussed at length. Defense counsel stated to begin with that he had not "had adequate time to properly and fully evaluate the psychological problems of the defendant at the time of the crime, in a manner that would be meaningful." As the colloquy proceeded, it developed that on the Monday before the trial began on Thursday, the prosecutor had told defense counsel about Dr. Gambel's call to the police chief. On Tuesday the prosecutor received the State Hospital's complete file, which we think shows beyond any doubt that Brandon was competent and attempted to mislead the examining doctors into believing that he was not. On Wednesday, the day before trial, defense counsel received that complete hospital file. He discussed it with the prosecutor on the telephone that day and agreed that subpoenas for Dr. Gambel and Dr. Rosendale might be withdrawn, because the defense did not intend to rely on mental disease or defect as a defense. Attorney Gibson candidly admitted during the colloquy that he had so informed the prosecutor, adding: "The only reason I bring it up is I have not had adequate time to fully examine the validity of that defense." The court ruled succinctly: "Now, that was a choice you made, Mr. Gibson, and I'm going to deny your motion." That denial is the principal basis for the appellant's argument.

The case is so remarkably similar to *Russell* v. *State*, 262 Ark. 447, 559 S.W. 2d 7 (1977), as to be controlled by that decision. There, as here, defense counsel was not notified of his appointment until three weeks before the trial. There, as here, a motion for continuance for insufficient time to prepare for trial was denied. There the sentence was 45 years, here it is 40. We first repeated our familiar rules that the matter of continuances is within the trial court's sound discretion and that the appellant has the burden of showing an abuse of discretion. We then

went on to say, in words peculiarly applicable to the case at bar:

> Assuming that Russell's attorney did not receive notice of his appointment until November 10, he has failed to show any abuse of discretion. Even though the notice indicated that the appointment covered six different charges against Russell, as he suggests, the trial court was never advised, either when the motion was presented, or by motion for new trial, what the attorney failed to do that could have been done, or what he did that he would not have done, if he had been afforded more time. Although we could hardly find an abuse of discretion upon some basis not presented to the trial court, appellant does not even suggest here what effect the time limitation had upon his defense. The only prejudice he mentions is the 45-year sentence imposed.

In the present case Attorney Gibson narrowed the scope of his motion for continuance by saying frankly: "The only reason I bring it up is I have not had adequate time to fully examine the validity of [the defense of mental disease or defect]." Hence under our familiar rules that is the only basis for continuance now before us. It may be that on the day of trial defense counsel had not had sufficient time to evaluate the available proof of mental disease or defect. After that, Brandon testified in his own defense and appeared to be normal. During the 30 days allowed for filing a notice of appeal the defense counsel had ample time to study the State Hospital file in detail and to find out what Dr. Gambel would have testified. As in *Russell,* no possible additional reason for a continuance was presented to the trial court, nor "does counsel even suggest here what effect the time limitation had upon his defense." In short, no prejudice has been shown. We do not order a new trial except for prejudicial error.

Affirmed.

HUBBELL, C.J., and PURTLE and HOLLINGSWORTH, JJ., dissent.

WEBB HUBBELL, Chief Justice, dissenting. Appellant's counsel had only three weeks' notice that he was to defend in Ashley County a case involving a potential life sentence. He had only three days' notice that there was medical evidence that could be the basis for an insanity defense. Although the majority correctly rely on *Russell* v. *State*, 262 Ark. 447, 559 S.W.2d 7 (1977), I believe a continuance was in order. If appellant's counsel had done nothing to prepare for trial, he could have argued greater prejudice, but he did what a good lawyer should do — prepare for trial with what he had. Appellant should not be prejudiced because his lawyer worked hard on short notice to get ready for trial.

PURTLE and HOLLINGSWORTH, JJ., join in this dissent.