■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v FREDDIE LOPEZ, Respondent-Appellant.—Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), rendered April 23, 1985, convicting defendant of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of from 3 to 6 years, unanimously modified, on the law, to reinstate the conviction of robbery in the first degree, remand for sentencing on said conviction and, except as thus modified, affirmed.

According to the People's evidence, defendant, accompanied by another man, never apprehended, approached Robert Lugo and announced, "This is a stick-up, give me your radio." At the same time, defendant placed his left hand inside the right side of his vest "as if he had a gun." Defendant's accomplice, standing four feet to the right of Lugo, placed his right hand into the left side of his jacket. Believing that defendant, in fact, had a gun, Lugo turned over his radio. Defendant and his companion then got into a waiting car and fled. The jury returned a verdict of guilty of both robbery in the first and second degrees. At sentence, the trial court granted defendant's motion to dismiss the robbery in the first degree count, finding "absolutely no evidence of displaying" a weapon. (See, Penal Law § 160.15 [4].) The court explained that, even though defendant placed his hand inside his vest, his hand never formed the shape of any object. Moreover, it found, the victim "never saw any object displayed." Since the court employed an erroneous standard to evidence which was plainly sufficient to support the jury's finding that defendant, in the course of stealing Lugo's radio, displayed what appeared to be a firearm, we reverse and reinstate the robbery in the first degree conviction and remand for sentencing thereon.

While the display of "what appears to be" a firearm test requires a "display [of] something that could reasonably be perceived as a firearm" (People v Baskerville, 60 NY2d 374, 381), there is no requirement that the object need be anything

other than the defendant's hand. Indeed, in *People v Knowles* (79 AD2d 116, 123), a case decided before *Baskerville,* the court expressly held that "where an unarmed robber holds his hand in his pocket so as to give the impression that he is holding a gun, he has '[d]isplay[ed] what appears to be a * * * firearm' within the meaning" of the statute. The testimony that defendant placed his hand inside his vest "as if he had a gun" is a sufficient display of "what appears to be" a firearm to sustain the jury's verdict with respect to the robbery in the first degree charge.

We have examined defendant's contentions on the cross appeal and find that they are without merit. Concur—Kupferman, J. P., Sullivan, Ross and Asch, JJ.