STATE of Utah, Plaintiff and Appellee,

v.

Tracy Alan CANDELARIO, Defendant and Appellant.

No. 940500–CA.

Court of Appeals of Utah.

Dec. 21, 1995.

David V. Finlayson and Robert K. Heineman, Salt Lake City, for Appellant.

J. Frederic Voros, Jr. and Jan Graham, Salt Lake City, for Appellee.

Before ORME, BENCH and WILKINS, JJ.

ORME, Presiding Judge:

Defendant Tracy Candelario appeals his sentence for robbery. Defendant contends that merely threatening the use of a firearm is not enough to warrant a one-year enhancement under Utah Code Ann. § 76–3–203(2) (Supp.1995) when the perpetrator does not actually carry or display a dangerous weapon or a facsimile or likeness of a dangerous weapon. We disagree and affirm defendant's sentence.

## FACTS

Defendant entered a credit union and demanded money from a cashier. He claimed to have a gun and threatened to kill her if she did not comply. Defendant did not display a handgun, and, in fact, was not carrying a gun or a facsimile of a gun at the time. Neither did he maneuver his hand in his pocket or otherwise physically gesture that he had a gun. Nonetheless, he left the credit union with $2000 more than he went in with.

Defendant was charged with one count of aggravated robbery, a first degree felony in violation of Utah Code Ann. § 76–6–302 (1995). Pursuant to a plea agreement, defendant pled guilty to robbery, a second degree felony. See id. § 76–6–301. Relying on sec-

concerning right-of-way was not a model of clarity and should be revised if the case again goes to trial.

tion 76–3–203(2), the trial court added an extra year to his sentence because defendant, in the course of committing the robbery, represented to the cashier that he had a firearm.

Defendant argues that the firearm enhancement is only appropriate when the defendant has actually displayed a firearm or the likeness of a firearm or has physically portrayed possession of a firearm. The State contends that the statute also contemplates the purely verbal representation that one is armed.

## SECTION 76–3–203(2)

The firearm enhancement provision in question is found in a sentencing statute and provides as follows:

> In the case of a felony of the second degree, for a term at not less than one year nor more than 15 years but if the trier of fact finds a dangerous weapon or a *facsimile or the representation of a dangerous weapon*, as provided in Section 76–1–601, was used in the commission or furtherance of the felony, the court shall additionally sentence the person convicted for a term of one year to run consecutively and not concurrently; and the court may additionally sentence the person convicted for an indeterminate term not to exceed five years to run consecutively and not concurrently.

Utah Code Ann. § 76–3–203(2) (Supp.1995) (emphasis added).[1]

■ Based upon familiar principles of statutory construction, we conclude that defendant's conduct qualifies for the firearm enhancement under section 76–3–203(2).

### A. Plain Meaning

■ When interpreting statutory language, we look first to the plain meaning of the statute. *State v. Larsen*, 865 P.2d 1355,

1357 (Utah 1993). We only resort to other methods if the language is ambiguous. *State v. Vigil*, 842 P.2d 843, 845 (Utah 1992). We routinely "assume 'the Legislature used each term advisedly, and we give effect to each term according to its ordinary and accepted meaning.'" *State v. Masciantonio*, 850 P.2d 492, 493–94 (Utah App.1993) (quoting *Versluis v. Guaranty Nat'l Cos.*, 842 P.2d 865, 867 (Utah 1992)). "Whenever possible, statutes should be construed so that no portion is superfluous," and, as such, they should not be read to include a pure redundancy. *Beynon v. St. George–Dixie Lodge # 1743, B.P.O.E.*, 854 P.2d 513, 518 n. 21 (Utah), *cert. denied*, —— U.S. ——, 114 S.Ct. 195, 126 L.Ed.2d 153 (1993).

"Representation" is a term that, out of context, is subject to multiple meanings. It is an expansive term, and, while it can mean "a likeness, picture, model, or other reproduction," it can also refer to "a statement or account esp[ecially] made to convey . . . [an] impression of something with the intention of influencing . . . action." *Webster's Third New Int'l Dictionary* 1926 (1986).

If we interpreted "representation," as used in the statute, to mean only a physical likeness, we would agree with defendant that to be subject to the firearm enhancement he would actually have to have physically displayed something that looked like a gun. However, if the term "representation" means a statement intended to influence action, then the State would prevail because defendant claimed he had a gun, and that statement influenced the cashier to the point that she gave defendant the money he unlawfully demanded.

We agree with the State that, within the context of the statute, "representation" is not ambiguous. It clearly means a statement conveying an impression for the purpose of influencing action.[2]

---

1. Prior to May 1, 1995, the statute used the word "firearm" in place of "dangerous weapon" and did not include the cross-reference to § 76–1–601. Utah Code Ann. § 76–3–203(2) (Supp. 1995) compiler's note. However, we reject defendant's contention, made at oral argument, that this change is relevant to our analysis in this case. *See infra* note 2. Because the dangerous weapon referred to by defendant was a firearm,

we use these terms interchangeably throughout this opinion.

2. Such a statement can be either in the form of a verbal assertion or nonverbal action. *See, e.g.,* Utah R.Evid. 801(a) ("statement" defined as oral assertion or nonverbal conduct, if intended as assertion).

### B. Avoidance of Redundancy

The Legislature, which we assume chose each word carefully, would not use two words to mean the same thing. In section 76–3–203(2), the Legislature allows for enhanced sentencing for anyone who commits a second degree felony using "a dangerous weapon or a facsimile or the representation of a dangerous weapon." "Facsimile" is defined as "an exact and detailed copy." *Webster's Third New Int'l Dictionary* 813 (1986). As counsel for defendant admitted at oral argument, if "representation" meant only a physical likeness of a weapon, "facsimile" would be fully subsumed within "representation." In other words, if representation meant likeness, then all facsimiles would be representations. Thus, if we adopted defendant's interpretation, the Legislature would have employed a wholly unnecessary term when it used the word "facsimile" in addition to the more inclusive term "representation."

Because we assume every word in the statute was chosen advisedly by the Legislature, we resist concluding it would have chosen redundant language. Therefore, we conclude that "representation" has a qualitatively different meaning in the context of section 76–3–203(2) than merely a likeness or model, i.e., that it means a verbal or nonverbal statement. *See supra* note 2.

### C. Choice of Articles

Additionally, the Legislature's choice of articles before the nouns in section 76–3–203(2) indicates that the statute includes statements by a perpetrator that he or she possesses a dangerous weapon. The statute requires enhancement if the defendant used "*a* dangerous weapon or *a* facsimile or *the* representation of a dangerous weapon." Utah Code

Ann. § 76–3–203(2) (Supp.1995) (emphasis added). The Legislature used the indefinite article "a" before the first two terms and the definite article "the" before "representation." Since we assume the Legislature chooses its words with care, we are reluctant to conclude the difference in phraseology is merely coincidental.

This distinction in usage is common in everyday speech. For example, if a child paints a picture of a car, her art teacher may compliment her work by saying, "Susie has drawn *a* wonderful representation of a car." However, when someone is trying to sell a house that he does not own, the person who is duped by the ruse will say, "He made *the* representation that he was the sole owner." In other words, "*the* representation" fits more comfortably with the way both lawyers and laypersons use the term when referring to a verbal expression of fact.[3]

### CONCLUSION

 The statute is not ambiguous. The plain meaning of the phrase "the representation of a dangerous weapon" requires that courts apply the firearm enhancement if a defendant makes a verbal or a nonverbal statement that he possesses a firearm even if he does not actually carry a weapon. We affirm.

BENCH and WILKINS, JJ., concur.

---

3. Because we conclude that the statute is not ambiguous, we do not examine the State's argument regarding legislative intent nor do we look to subsequent legislative amendments, as defendant suggested at oral argument, to construe the statute. *See State v. Vigil,* 842 P.2d 843, 845 (Utah 1992).