2004 UT App 275

**STATE of Utah, Plaintiff and Appellee,**

v.

**Neil Steven PIXTON, Defendant and Appellant.**

**No. 20030146–CA.**

Court of Appeals of Utah.

Aug. 19, 2004.

**434**

Joan C. Watt and L. Monte Sleight, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Brett J. DelPorto, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges JACKSON, ORME, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Neil Steven Pixton appeals from his conviction for felony drunk driving, in violation of Utah Code section 41–6–44(6) (Supp. 2001). We reverse.

## BACKGROUND

¶ 2 In January 2001, South Jordan Police officers arrested Pixton for driving under the influence of alcohol (DUI) in South Jordan, Utah. South Jordan authorities charged Pixton with misdemeanor DUI in the South Jordan Justice Court. On May 15, 2001, while the South Jordan charge was still pending, Pixton was again arrested for DUI, this time in Murray, Utah. Murray authorities also charged Pixton with misdemeanor DUI, and filed the charges in the Murray City Justice Court. On May 24, 2001, Pixton resolved the South Jordan charge, pleading guilty to alcohol related reckless driving (ARR). Upon learning of his plea, and being mindful of Pixton's previous 1998 DUI conviction, the Murray City prosecutor dismissed its misdemeanor DUI charge and referred Pixton's case to the County to allow it to pursue felony DUI charges pursuant to Utah Code section 41–6–44 (Supp.2001).

¶ 3 On June 21, 2002, the Salt Lake County District Attorney's office (the DA) filed felony DUI charges against Pixton, relying upon Pixton's 1998 DUI conviction and his May 2001 ARR conviction to enhance the level of the offense from a misdemeanor to a felony. Pixton moved for a reduction in the charge, arguing, inter alia, that the plain language of section 41–6–44(6) did not support the felony DUI charge because he had not been twice convicted of DUI at the time of the instant offense. The trial court denied his motion, finding that Pixton had been twice convicted at the time the DA filed the felony charge in the district court. Pixton then agreed to plead guilty to felony DUI, while reserving his right to appeal the trial court's denial of his motion. He now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 4 Pixton argues that because the trial court erroneously interpreted Utah Code section 41–6–44(6) (Supp.2001), he was wrongfully convicted of felony drunk driving. "The correct interpretation of a statute is a question of law and is reviewed for correct-

ness." *State v. Larsen*, 865 P.2d 1355, 1357 (Utah 1993).

## ANALYSIS

### I. Preservation

¶ 5 The State initially argues that Pixton failed to preserve his argument and that consequently we should refuse to address his claim. "As a general rule, claims not raised before the trial court [are not preserved and] may not be raised on appeal." *State v. Holgate*, 2000 UT 74,¶ 11, 10 P.3d 346.[1] This "preservation rule," *id.*, is satisfied if an appellant makes " 'a contemporaneous objection' " or offers " 'some form of specific preservation of claims of error' " on the trial court record. *State v. Brown*, 856 P.2d 358, 360 (Utah Ct.App.1993) (quoting *State v. Tillman*, 750 P.2d 546, 551 (Utah 1987)). Here, after being charged with felony DUI, Pixton filed a motion to reduce the charge that specifically referenced Utah Code section 41–6–44(6) (Supp. 2001), and directed the trial court's attention to the statutory language upon which he based his motion. The court held a hearing and ultimately denied Pixton's motion. Pixton then agreed to plead guilty to the felony DUI charge, while reserving his right to appeal the trial court's ruling. Consequently, Pixton preserved this issue for appeal.

### II. Statutory Interpretation

¶ 6 Pixton argued below, and argues on appeal, that his actions did not meet the minimum statutory requirements necessary to support a felony DUI conviction under the then-existing language of section 41–6–44 (2001). In denying Pixton's motion to reduce the charges, the trial court analyzed section 41–6–44(6) and concluded that "[b]ecause defendant had been twice previously *convicted* of DUI/ARR when this case *was filed* as an enhanced DUI, the State legitimately filed this case as an enhanced DUI." (Second emphasis added.) Thus, we must examine the statutory language to determine whether the trial court's interpretation was correct. *See State v. Larsen*, 865 P.2d 1355, 1357 (Utah 1993).

¶ 7 "A fundamental rule of statutory construction is that statutes are to be construed according to their plain language." *O'Keefe v. Retirement Bd.*, 956 P.2d 279, 281 (Utah 1998); *see also Larsen*, 865 P.2d at 1357. "Only if the language of a statute is ambiguous do we resort to other modes of construction." *O'Keefe*, 956 P.2d at 281. "Further, '[u]nambiguous language ... may not be interpreted to contradict its plain meaning.' " *Lorenzo v. Workforce Appeals Bd.*, 2002 UT App 371,¶ 11, 58 P.3d 873 (quoting *Zoll & Branch, P.C. v. Asay*, 932 P.2d 592, 594 (Utah 1997)). "A corollary of this rule is that 'a statutory term should be interpreted and applied according to its usually accepted meaning, where the ordinary meaning of the term results in an application that is neither unreasonably confused, inoperable, nor in blatant contradiction of the express purpose of the statute.' " *O'Keefe*, 956 P.2d at 281 (quoting *Morton Int'l, Inc. v. Auditing Div.*, 814 P.2d 581, 590 (Utah 1991)).

¶ 8 Pursuant to the 2001 version of section 41–6–44, under which Pixton was charged and convicted, a violation of the statute "is a third degree felony if it is committed[ ] within ten years of two or more prior convictions under [section 41–6–44]." Utah Code Ann. § 41–6–44(6)(a) (Supp.2001).[2] Examining the plain language of the statute, the words critical to discerning its meaning are "committed" and "convictions."[3] Black's Law

---

1. Although exceptions to the preservation rule exist, *see State v. Holgate*, 2000 UT 74,¶ 11, 10 P.3d 346, we do not articulate them because they are not material to the instant appeal.

2. The Utah Legislature has made substantive amendments to Utah Code section 41–6–44 in 1999, 2000, 2001, 2002, and 2003, including changes to 41–6–44(6) in 1999, 2001, and 2002. Consequently, the analysis set forth in this opinion applies only to the 2001 version of the statute.

3. The word "prior" is also material to this discussion. However, because "prior" is commonly understood to mean "earlier in time," Merriam-Webster's Collegiate Dictionary 927 (10th ed.1999), we do not engage in an analysis of its meaning, nor do the parties argue that this case turns on its definition.

Dictionary defines "commit" as either "[t]o perpetrate, as a crime [or] to perform as an act." Black's Law Dictionary 273 (6th ed.1990); *see also* Merriam–Webster's Collegiate Dictionary 231 (10th ed.1999) (defining commit as "to carry into action deliberately: PERPETRATE"). "Conviction," however, is defined as "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." Black's Law Dictionary 333 (6th ed.1990); *see also* Merriam–Webster's Collegiate Dictionary 254 (10th ed.1999) (defining "conviction" as "the act or process of convicting of a crime esp. in a court of law").

 ¶ 9 Applying these definitions to the instant case, the word "commit" refers to *the act* of driving under the influence of alcohol; thus, the word "commit" is tied specifically to the date of the act involved in the charging documents, or the crime for which the defendant will be tried. The word "conviction" refers to a judicial determination, through a criminal trial or similar mechanism, that the defendant is guilty, in this case of an alcohol related traffic offense. Consequently, if a defendant had been twice determined guilty (convicted) of an alcohol related traffic offense within ten years (prior to) of a subsequent DUI arrest, under the 2001 version of section 41–6–44(6), he could be convicted of a felony. In this case, at the time of Pixton's Murray arrest, he had only one alcohol related traffic offense conviction on his record—his 1998 DUI conviction. Admittedly, charges were pending concerning his January 2001 South Jordan arrest; however, at the time of his Murray arrest, no disposition had been entered in the South Jordan case. Absent an existing finding of guilt entered prior to Pixton's May 2001 DUI arrest in Murray, the pending South Jordan charges could not satisfy the requirements of section 41–6–44 to support a felony conviction. Because no conviction had been entered in the South Jordan case before he was arrested in Murray, the South Jordan conviction could not be used to enhance the charges against Pixton. Consequently, under the plain language of section 41–6–44(6), as it was structured in 2001, the trial court erred in denying Pixton's motion for a reduction in the charge.

## CONCLUSION

¶ 10 Utah Code section 41–6–44 (Supp. 2001) permitted the State to charge a defendant with felony DUI only if the defendant had been twice convicted of alcohol related traffic offenses within the immediate ten years preceding his current arrest for DUI. Because Pixton had been convicted of only one alcohol related offense prior to his May 2001 Murray arrest, the trial court erred in denying his motion to reduce the felony charge to a misdemeanor. Consequently, we reverse his conviction, and remand this matter for proceedings consistent with this opinion.

¶ 11 WE CONCUR: NORMAN H. JACKSON and GREGORY K. ORME, Judges.