2005 UT App 209

**STATE of Utah, Plaintiff and Appellee,**

v.

**William Joseph IRELAND, Defendant and Appellant.**

**No. 20040502–CA.**

Court of Appeals of Utah.

May 12, 2005.

Michael A. Peterson and Joan C. Watt, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Brett J. DelPorto, Assistant Attorney General, Salt Lake City, for Appellee.

Before BILLINGS, P.J., and DAVIS and JACKSON, JJ.

## OPINION

BILLINGS, Presiding Judge:

¶ 1 Defendant William Joseph Ireland (Ireland) appeals the trial court's judgment convicting him of aggravated robbery under Utah Code section 76–6–302.  *See* Utah Code Ann. § 76–6–302 (2004).  We affirm.

## BACKGROUND

¶ 2 On December 6, 2003, Jeffrey Reinkoester (Reinkoester) worked as a sales person in the Fortier jewelry store in the Gateway Plaza in Salt Lake City. Ireland entered the store wearing a thick, puffy coat and a beanie.  Reinkoester greeted Ireland who responded, "I want you to go and get me all the money in the cash drawer right now. I'm not kidding.  Hurry."  As Ireland made this demand, he pointed at Reinkoester with his right hand, which he kept concealed in the pocket of his coat.  Ireland's hand was held close to his right side with his elbow extending behind him.  Reinkoester observed that Ireland gestured like he had a gun and described Ireland's hand in his coat pocket as "pointing at [Reinkoester]."  Ireland's hand was "definitely gesturing like there was a weapon, but it was more subtle."  Ireland made no verbal statement that he had a gun or weapon, and Reinkoester did

not see a gun, but Reinkoester thought that Ireland might have a gun due to Ireland's gesturing in his pocket. Reinkoester thought he may be shot if he did not comply with Ireland's request.

¶ 3 Reinkoester walked behind the counter toward the cash drawer and put what little cash the store had in a bag. The counter was too high for Reinkoester to see Ireland's hands, so Reinkoester could not tell if Ireland had his hand in his pocket. Holding up a roll of quarters, Reinkoester asked Ireland whether he wanted the change and Ireland responded, "[F]ill it with jewelry." Before Reinkoester could fill the bag with jewelry, Ireland said, "[J]ust give it to me," grabbed the bag, and ran to the front door.

¶ 4 Meanwhile, Nelson Fortier (Fortier), the storeowner, realized a robbery was in progress. Fortier exited the store and attempted to block the doors so that Ireland could not exit. Ireland pushed and eventually opened the door. Fortier chased Ireland and demanded he return the money. Ireland complied, then ran away, but was later arrested.

¶ 5 Ireland was charged with one count of aggravated robbery, a first degree felony pursuant to Utah Code section 76–6–302, and theft of services, a class B misdemeanor in violation of Utah Code section 76–6–409. *See* Utah Code Ann. §§ 76–6–302, –409 (2004). Ireland moved to reduce the charge of aggravated robbery to simple robbery, a second degree felony. After a hearing, the trial court denied the motion. Ireland subsequently entered a conditional plea of guilty to aggravated robbery, reserving the right to appeal the denial of his motion. Ireland now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 At issue is whether the trial court properly interpreted Utah Code sections 76–6–302 and 76–1–601 in convicting Ireland of aggravated robbery. We review the lower court's interpretation of statutes for correctness. *See State v. Pixton,* 2004 UT App 275, ¶ 4, 98 P.3d 433.

## ANALYSIS

¶ 7 Ireland argues that the trial court erred by convicting him of aggravated robbery pursuant to Utah Code sections 76–6–302 and 76–1–601 (the aggravated robbery and dangerous weapon statutes respectively) because there was insufficient evidence to support the conviction. The aggravated robbery statute provides that "[a] person commits aggravated robbery if in the course of committing a robbery, he ... uses or threatens to use a dangerous weapon as defined in Section 76–1–601." Utah Code Ann. § 76–6–302. The dangerous weapon statute defines "[d]angerous weapon" as including a "facsimile or representation" of "any item capable of causing death or serious bodily injury." *Id.* § 76–1–601(5)(a),(b). Moreover, "the actor's use or apparent intended use of the item [must] lead[ ] the victim to reasonably believe the item is likely to cause death or serious bodily injury." *Id.* § 76–1–601(5)(b)(i).

¶ 8 Utah courts have upheld convictions for aggravated crimes when there has been some kind of verbal representation or threat that the defendant possessed a dangerous weapon, even where the defendant did not display the weapon. *See State v. Hartmann,* 783 P.2d 544, 547 (Utah 1989) (upholding conviction for aggravated sexual assault where defendant raped a woman while telling her that he had a gun); *State v. Reyos,* 2004 UT App 151, ¶ 3, 91 P.3d 861 (upholding aggravated robbery conviction where defendant yelled, "Get the gun and shoot," and "shoot to kill" during the robbery but did not display a weapon); *State v. Candelario,* 909 P.2d 277, 277 (Utah Ct.App.1995) (upholding sentence enhancement for robbery where defendant claimed to have a gun and threatened to kill the cashier but did not display or gesture that he had a weapon); *State v. Adams,* 830 P.2d 310, 311 (Utah Ct.App.1992) (upholding aggravated robbery conviction where defendant verbally threatened to use a gun while putting his hand on his bulging pocket).

¶ 9 Ireland argues that the pointing gesture inside his coat pocket does not constitute a "representation" because it was not verbal. We disagree and hold that the statute does not require a "representation" to be

verbal, but rather includes nonverbal gestures.

¶ 10 In *Candelario*, we interpreted the term "representation" in a similar section of the Utah Code to include nonverbal actions. 909 P.2d at 278. Specifically, Utah Code section 76–3–203(2) (the enhancement statute) provides that a sentence may be enhanced by one year when " 'a dangerous weapon or a facsimile or the *representation of a dangerous weapon*, as provided in Section 76–1–601' " is used while committing a second degree felony. *Candelario*, 909 P.2d at 278 (emphasis added) (quoting Utah Code Ann. § 76–3–203(2) (1995) (amended to what is now Utah Code Ann. § 76–3–203.8 (2004))). We defined "representation" as "an expansive term," meaning "a statement conveying an impression for the purpose of influencing action." *Id.* Moreover, we noted that "[s]uch a statement can be either in the form of a verbal assertion or nonverbal action." *Id.* at 278 n. 2 (citing Utah R. Evid. 801(a)). Therefore, we conclude that "representation of a dangerous weapon" as provided by section 76–1–601(5)(b) can be in the form of a nonverbal gesture.[1]

¶ 11 Turning to the facts of this case, we determine that Ireland's gesture of pointing his hand inside his coat pocket close to his right side with his elbow extended constitutes a representation of a dangerous weapon because such gesture was intended to look like a gun for the purpose of influencing Reinkoester to give Ireland all of the cash in the cash drawer.[2]

1. Our conclusion is consistent with other jurisdictions interpreting statutory language similar to Utah's. These jurisdictions have found that nonverbal communications are sufficient to establish aggravated or armed robbery charges when the victim reasonably believes the defendant has a dangerous weapon. *See State v. Ellison*, 169 Ariz. 424, 819 P.2d 1010, 1011, 1012 (Ariz.Ct.App.1991) (upholding defendants' conviction of armed robbery under Arizona armed robbery statute where defendants committed robberies by "simulat[ing] that they had handguns in their pockets at the time they were demanding money"); *DeLeon v. State*, No. CACR 89–118, 1989 WL 148106, at *1, 1989 Ark.App. LEXIS 608, at *3 (Ark.Ct.App. Dec. 6, 1989) (upholding armed robbery conviction under Arkansas statute providing that defendant must "represent[ ] by word or conduct" that he is armed with a deadly weapon where defendant asked for money while he had his hand in his pocket and the victim believed defendant had a weapon or gun in his pocket); *State v. Arena*, 235 Conn. 67, 663 A.2d 972, 973, 978 (1995) (determining defendant's action of placing an opaque bag on the counter with an object inside pointing at the clerk while stating "[p]ut all the money in a bag" satisfied Connecticut's armed robbery statute because defendant "represented by his words or conduct" that he had a firearm); *State v. Lawrence*, No. 9706017912, 2001 WL 1021385, at *2, 2001 Del.Super. LEXIS 318, at *7 (Del.Super.Ct. Aug. 28, 2001) (upholding conviction of robbery in the first degree under Delaware statute providing that defendant must "display[ ] what appears to be a deadly weapon" where defendant wrapped a cloth around his hand so that it appeared to hide a gun, and where the victim reasonably believed that defendant was armed (quotations and citations omitted)), *aff'd*, 790 A.2d 476 (Del. 2002); *People v. Taylor*, 245 Mich.App. 293, 628 N.W.2d 55, 57, 61 (2001) (stating "we decline to hold that a defendant must verbally threaten the victim with some specific bodily harm in order to obtain a conviction of armed robbery" where armed robbery statute requires robber to be "armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon"); *People v. Lopez*, 135 A.D.2d 443, 522 N.Y.S.2d 145, 146 (1987) (holding that where an unarmed robber holds his hand in his pocket so as to give the impression that he is holding a gun, he has " '[displayed] what appears to be a firearm' within the meaning of the [armed robbery] statute" and "there is no requirement that the object need be anything other than the defendant's hand" (first alteration in original) (quoting *People v. Knowles*, 79 A.D.2d 116, 123, 436 N.Y.S.2d 25 (N.Y.1981))).

2. Ireland relies heavily upon *State v. Suniville*, 741 P.2d 961 (Utah 1987), where the Utah Supreme Court held, under a previous version of the aggravated robbery statute, that the defendant did not commit aggravated robbery where he had his hand in his pocket held up over the counter as if he had a gun, and made threats that he would "blast" people if they did not cooperate. *Id.* at 962. The prior version of the aggravated robbery statute narrowly defined aggravated robbery as where the perpetrator used "a firearm or a facsimile of a firearm, knife or a facsimile of a knife or a deadly weapon." *Id.*; Utah Code Ann. § 76–6–302 (1978). The court held that the "[d]efendant's menacing gesture accompanied by verbal threats is not sufficient evidence alone to establish the use of a firearm or a facsimile of a firearm. To hold otherwise would pervert the language of section 76–6–302 and erode the statutory distinction between robbery and aggravated robbery." *Id.* at 965. However, since the *Suniville* decision, the Utah Legislature amended the aggravated robbery statute to include not only a "facsimile" but also a "representation" of "any item capable of caus-

¶ 12 Moreover, we determine that Reinkoester reasonably believed that the "item [was] intended to cause death or serious bodily injury." Utah Code Ann. § 76-1-601(5)(b)(i) (2004). Reinkoester testified that he feared that if he did not comply with Ireland's request, he may be shot. Guns by their very nature are capable of causing death or serious bodily injury. Reinkoester's belief was based not only on the subjective belief that he thought Ireland had a gun, but also on objective evidence. Reinkoester saw something "pointing at [him]" inside Ireland's coat pocket. That something "looked like a gun." This is sufficient objective evidence to support a reasonable belief that one might have been injured if he or she did not comply. *See, e.g., Parker v. State*, 271 Ark. 84, 607 S.W.2d 378, 379 (1980) (holding that victim's subjective apprehension coupled with defendant's objective conduct was sufficient to sustain a conviction of aggravated robbery); *Faulkner v. State*, 260 Ga.App. 794, 581 S.E.2d 365, 367 (2003) (determining that victim had "reasonable apprehension" where defendant used his hand covered with a sock to look like a gun and pressed it against victim's back); *People v. Taylor*, 245 Mich. App. 293, 628 N.W.2d 55, 61 (2001) (holding there was ample objective evidence that defendant either had a gun or simulated one so as to deliberately lead complainant to "reasonably believe" he had a gun where defendant "placed his hand inside his jacket and into the front of his pants").

## CONCLUSION

¶ 13 We hold that the trial court correctly interpreted the aggravated robbery and dangerous weapon statutes and uphold Ireland's conviction for aggravated robbery. Accordingly, we affirm.

¶ 14 WE CONCUR: JAMES Z. DAVIS and NORMAN H. JACKSON, Judges.