OPINION OF THE COURT
Chief Judge Wachtler
In these two cases the defendants have been convicted of robbery in the first degree. The question common to the appeals is whether the evidence in each case is sufficient to prove that, during the course of the robbery, the defendant *218 displayed what appears to be a firearm, the element necessary to elevate the crime to the first degree (Penal Law § 160.15 [4]). In each case the Appellate Division found the proof sufficient and the defendant appeals.
In People v Lopez, the robbery took place on a Manhattan street in October 1984. The victim and two female companions were approached by the defendant and another man. The defendant said "this is a stick up” and demanded that the victim hand over the radio he was carrying. The victim testified that as the defendant announced the robbery he put his hand in the right side of his vest "as if he had a gun”. When the victim surrendered his radio, the defendant and the other man entered a car driven by a third man and fled the scene.
The victim was acquainted with the defendant because they had played basketball together several years earlier. The day after the robbery the victim saw the defendant on the street and identified him to the police as the person who had held him up. The defendant was indicted for robbery in the first degree for displaying what appeared to be a firearm during the course of the robbery (Penal Law § 160.15 [4]), as well as robbery in the second degree on the theory that he had been aided by another person actually present (Penal Law § 160.10 [1]). After a jury trial the defendant was found guilty on both counts. However, on the defendant’s motion, the court set aside the verdict on the robbery first degree count, concluding that there was "absolutely no evidence of displaying”. The court noted that there was no proof that when the defendant placed his hand inside his vest he "made the shape of any object or that the victim saw any object displayed”.
On cross appeals by the People and the defendant, the Appellate Division restored the conviction for robbery in the first degree and otherwise affirmed. The court held: "While the display of 'what appears to be’ a firearm test requires a 'display [of] something that could reasonably be perceived as a firearm’ (People v Baskerville, 60 NY2d 374, 381), there is no requirement that the object need be anything other than the defendant’s hand” (135 AD2d 443, 443-444).
In People v Mendez, the robbery occurred in The Bronx in June of 1985. The victim testified that he was walking toward the Hunt’s Point subway station when he saw the defendant standing near a stoop where another man was sitting. As the victim passed, the defendant grabbed him from behind, *219 pushed him against a wall and demanded that he give the defendant everything he had. The defendant then took the victim’s watch, ripped a chain from his neck and removed $80 from his back pocket. The other man sat on the stoop watching the robbery with his right hand under his shirt. According to the victim, at one point during the robbery the defendant said to the man on the stoop "don’t show him the gun” or "[don’t] take out the gun”. When the robbery was complete, both men fled.
The victim had seen the defendant on several occasions before the robbery, near a store where the victim was employed. He recognized him by his distinctive tattoos, including a set of lips tattooed on the defendant’s neck. A few days after the robbery, while the victim was at work, he saw the defendant pass on the street outside the store and reported him to the police, who arrested him.
A jury found the defendant guilty of robbery in the first degree, and the Appellate Division affirmed, without opinion. On this appeal the defendant contends, as he did at the close of the People’s case, that the evidence is insufficient to prove that he or his accomplice displayed what appeared to be a firearm. He therefore urges that the robbery conviction be reduced from first degree to third degree.
I.
The core requirement for all three degrees of robbery under the Penal Law is proof that the defendant forcibly stole property from another (Penal Law §§ 160.05, 160.10, 160.15). If, in addition, the defendant or another participant in the crime "[displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm”, the offense is elevated to robbery in the first degree (Penal Law § 160.15 [4]). However, if the defendant proves by a preponderance of the evidence that the object displayed "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury,” the crime is reduced to robbery in the second degree (Penal Law § 160.15 [4]). Of course, if the evidence would not warrant a finding that the defendant or a confederate made such a display, and no other aggravating factor has been charged or proven, the forceable taking constitutes robbery in the third degree, the lowest robbery offense (Penal Law § 160.05).
The statutory scheme serves two primary purposes. First, it *220 recognizes that the additional fear suffered by a robbery victim confronted by what appears to be a firearm aggravates the nature of the offense and warrants additional punishment (People v Baskerville, 60 NY2d 374, 381, supra). Secondly, it recognizes the difficulty of proving that an object displayed during a robbery, which appears to be a firearm capable of causing death or serious injury, was in fact a loaded, operable gun when it was not fired at the scene or recovered afterwards (People v Baskerville, supra, at 381). The statute assumes that the object consciously displayed as a firearm was what it appeared to be and places on the defendant the burden of showing that it was not, in which case he could only be convicted of the lesser, second degree offense (People v Lockwood, 52 NY2d 790).
Although the display element focuses on the fearful impression made on the victim, it is not primarily subjective. The People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display (People v Baskerville, supra, at 381).
However, the object displayed need not closely resemble a firearm or bear a distinctive shape. In light of the purpose of the statutory scheme, the broad wording of the display element, and the obligation to construe the Penal Law fairly to carry out the legislative intent (Penal Law § 5.00), we have held that "the display of anything that appears to be such [i.e., a firearm], though held inside a coat or otherwise obscured, is covered by sections 160.10 and 160.15” (People v Baskerville, supra, at 381). A towel wrapped around a black object (People v Baskerville, supra), a toothbrush held in a pocket (People v Lockwood, supra) or even a hand consciously concealed in clothing may suffice (People v Knowles, 79 AD2d 116; cf., People v Gilliard, 72 NY2d 877), if under all the circumstances the defendant’s conduct could reasonably lead the victim to believe that a gun is being used during the robbery. Indeed, the victim’s perception need not be visual, but may be limited to touch or sound (People v Baskerville, supra, at 381), as when the defendant approaches in the dark or from behind so that the victim may only feel or hear what appears to be a gun (see, e.g., People v Jenkins, 118 Misc 2d 530).
Thus the display requirement has been construed broadly to cover a wide range of actions which might reasonably create *221 the impression in the mind of the victim that the robber is armed with a firearm (People v Baskerville, supra, at 382), but cannot be read so broadly as to include mere statements that a robber is armed with a gun. Informing a robbery victim that a gun is present or even threatening to shoot may be as frightening as displaying a firearm, but under these statutes it is the "display” of what appears to be a firearm, and not the mere threat to use one, which is required (compare, People v Dodt, 61 NY2d 408 [defendant’s statement to victim that he had a gun in pocket sufficient under statute requiring threat of deadly physical force, Penal Law §§ 135.20, 135.25]). The defendant’s statements may give meaning to the actions (People v Baskerville, supra, at 381), but words alone will not constitute a display of what appears to be a firearm within the meaning of the first and second degree robbery statutes (see, People v York, 134 AD2d 637; see also, People v Jennings, supra, at 534 ["mere use of words without some other affirmative action appealing simultaneously to one or another of the victim’s actual senses” would be insufficient]).[1]
II.
In People v Lopez, where the defendant confronted the victim on the street, announced a "stickup” and placed his hand in his vest jacket as he demanded the victim’s radio, there was sufficient evidence that the defendant displayed what appeared to be a weapon within the meaning of the statutes. The defendant’s sole contention is that the evidence is deficient because the victim "only saw appellant move his hand inside the jacket, and [did not see] a gun or any other object or bulge that could reasonably have been perceived as a gun”.
*222 The argument basically is that a hand cannot reasonably be perceived as a firearm; thus, unless the vest appears to conceal some other object or the hand is positioned under the vest in such a way as to suggest a firearm, the defendant cannot be said to have "consciously display[ed] something that could reasonably be perceived as a firearm” (People v Baskerville, supra, at 381). As noted, however, an object can be "displayed” without actually being seen by the victim even in outline (People v Baskerville, supra, at 381; People v Jenkins, supra). All that is required is that the defendant, by his actions, consciously manifest the presence of an object to the victim in such a way that the victim reasonably perceives that the defendant has a gun. Here, the victim testified that he heard the defendant announce a "stickup” and saw him place his hand in his vest "as if he had a gun”. By his gesture the defendant conspicuously and consciously conveyed the impression that he was reaching for something which, under the circumstances, the victim could reasonably conclude was a firearm. Thus, in this case, the evidence was sufficient to sustain the conviction for robbery in the first degree.[2]
III.
In People v Mendez, on the other hand, the conviction for first degree robbery cannot be sustained. Concededly, this defendant made no display during the robbery indicating that he had a firearm. What the People rely on is the fact that the man on the stoop had his hand under his shirt and that the defendant told him not to take out the gun.
A defendant may be held liable for the acts of "another participant” who displays what appears to be a firearm during the robbery (Penal Law § 160.10 [2]; § 160.15 [4]). Here, however, the man on the stoop did not actively participate in the robbery, nor did he display a weapon or take any action indicating that he had one. On the contrary, throughout the robbery he simply sat on the stoop with his hand under his shirt, literally on the sidelines, immobile, inconspicuous and indifferent. Although his actions, more accurately viewed as inaction, indicate that he had no intention of interfering with *223 the defendant, something more is required before he can be said to have also participated in the robbery and displayed what appeared to be a weapon, conspicuously and consciously. It is obvious that the defendant intended his reference to the man on the stoop to create the impression in the mind of the victim that the man was armed, and that the victim interpreted this as a threat. However, as noted, a mere threat without some display is insufficient to establish robbery in the first degree. Thus, the evidence only establishes that the defendant committed a forceable taking, and the conviction should be reduced to robbery in the third degree (Penal Law § 160.05) as the defendant contends.
Accordingly, in People v Lopez, the order of the Appellate Division should be affirmed. In People v Mendez, the order of the Appellate Division should be modified by reducing the conviction from robbery in the first degree to robbery in the third degree and the defendant should be resentenced (CPL 470.15 [2] [a]; 470.20 [4]; 470.40 [1]).

. In response to the dissenters’ discussion of subdivision (3), which is not in issue here, we would simply note that it is an open question in this court as to whether a gun would have to be loaded and operable to be considered a dangerous instrument under that subdivision. In People v Pena (50 NY2d 400), we affirmed a conviction where the defendant gestured and threatened to shoot, but the only dangerous instrument he was found to possess was a knife. In People v Holmes, (71 AD2d 904, affd 52 NY2d 976), where the defendant threatened to shoot but there was no proof that the gun was operable, the Appellate Division reversed the conviction and the only issue considered on the appeal to this court was the corrective action. In People v Colavito (126 AD2d 554, affd 70 NY2d 996), the Appellate Division affirmed a conviction where there was no proof that the gun was operable noting that the gun could have been used as a club, and we affirmed after concluding that the issue had not been preserved for our review.

. We note that robbery in the second degree is the appropriate offense when, in fact, the defendant has simply used his hand to create the impression he is armed with a gun (see, People v Knowles, 79 AD2d 116; cf., People v Gilliard, 72 NY2d 877). However, the burden is on the defendant to prove this as an affirmative defense at trial (People v Gilliard, supra).