■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALFERTEEN VAN VOORHIS, Respondent. [617 NYS2d 257] —Order unanimously reversed on the law, motion denied in part, first count of indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: County Court erred in reducing the first count of the indictment charging defendant with robbery in the first degree (Penal Law § 160.15 [4]) to robbery in the third degree (Penal Law § 160.05). There was competent evidence presented to the Grand Jury that, if accepted as true, would establish every element of robbery in the first degree and defendant's commission of that offense *(see, People v Mikuszewski,* 73 NY2d 407, 411; *People v Jennings,* 69 NY2d 103, 115).

A person is guilty of robbery in the first degree under subdivision (4) of section 160.15 of the Penal Law when "he forcibly steals property and when, in the course of the commission of the crime * * * he * * * [d]isplays what appears to be a * * * firearm". The display of a firearm is an aggravating factor that increases the degree of the crime. The "display" element of the crime is satisfied when the People present proof that defendant "by his actions, consciously manifest[ed] the presence of an object to the victim in such a way that the victim reasonably perceive[d] that the defendant [had] a [firearm]" *(People v Lopez,* 73 NY2d 214, 222; *see, People v Baskerville,* 60 NY2d 374, 381). Here, the bank teller testified before

the Grand Jury that the robber handed him a note demanding all his money "or else". The robber than placed her right hand in her jacket pocket in a position that was "up over the heart". Her hand was fully concealed in the pocket and remained there throughout the robbery. The bank teller further testified that he believed that she had a gun in light of "the action of her hand, along with what was on the note". Defendant, by the gesture with her hand, consciously conveyed the impression that she held something in her jacket pocket that, under the circumstances, the bank teller could reasonably conclude was a firearm *(see, People v Lopez, supra,* at 222). Therefore, we reverse the order, deny that part of defendant's omnibus motion seeking dismissal or reduction of the charges in the indictment, and reinstate the first count of the indictment. (Appeal from Order of Monroe County Court, Maloy, J.—Reduce Charge.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.