■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD HOWARD, Appellant. [619 NYS2d 993] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment, following a nonjury trial, convicting him of one count of murder in the second degree. We conclude that the pretrial photo array identification was not unduly suggestive. Even if the array were suggestive, there was a sufficient independent basis for the witness's in-court identification of defendant (see, People v Callace, 143 AD2d 1027, lv denied 73 NY2d 889). Although the identification testimony was bolstered, that error is harmless in light of the otherwise overwhelming evidence of guilt and the strong and unequivocal identification of defendant (see, People v Johnson, 57 NY2d 969; People v Garner, 190 AD2d 1041, lv denied 81 NY2d 885). Moreover, because the case was tried before the court without a jury, we may presume that the court considered only competent evidence in reaching its verdict (see, People v Limpert, 186 AD2d 1005, lv denied 81 NY2d 764).

There is no merit to defendant's argument that the prosecutor failed to turn over Rosario material (see, People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908, cert denied 368 US 866, rearg denied 14 NY2d 876, 15 NY2d 765). The transcripts of prison disciplinary proceedings involving the same incident were not in the People's custody and control (see, People v Flynn, 79 NY2d 879, 882; People v Washington, 196 AD2d 346, lv granted 83 NY2d 1008); nevertheless, during trial, relevant portions of the transcripts were turned over to defendant pursuant to a court ordered subpoena served on the Department of Correction and defendant was not substantially prejudiced (see, People v Jackson, 154 AD2d 930, lv denied 74 NY2d 949). Although defendant objected to the failure to turn over the transcript of the testimony of a confidential informant, the confidential informant was not a prosecution witness at trial, and thus the People were not obligated to produce that transcript (see, People v Love, 187 AD2d 1030, lv denied 81 NY2d 888).

Additionally, we conclude that the proof of defendant's guilt is sufficient and the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—

Murder, 2nd Degree.) Present—Green, J. P., Fallon, Wesley, Doerr and Boehm, JJ.