■ Solomon Holding Corp., Appellant, v Peter Golia et al., Respondents, et al., Defendants. [868 NYS2d 612]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered August 21, 2007, which, in an action to foreclose a mortgage, denied plaintiff's motion for summary judgment and granted defendants-respondents' cross motion to amend their answer so as to add the affirmative defense of statute of limitations and, upon amendment, for summary judgment dismissing the complaint, unanimously affirmed, without costs.

On appeal, plaintiff does not argue that the statute of limitations had not run before commencement of the action, but only that defendants should not be permitted to invoke the statute of limitations because they did not plead it in their answer and then waited 19 months before finally seeking to interpose it. Plaintiff, however, does not show, or even claim, prejudice or surprise resulting directly from defendants' delay in asserting the statute of limitations. Absent such showing, defendants' cross motion to amend was properly granted (CPLR 3025 [b]; *see Seda v New York City Hous. Auth.*, 181 AD2d 469, 470 [1992], *lv denied* 80 NY2d 759 [1992], citing, inter alia, *Fahey v County of Ontario*, 44 NY2d 934 [1978]). Concur—Tom, J.P., Nardelli, Sweeny, McGuire and DeGrasse, JJ. [*See* 2007 NY Slip Op 32472(U).]

■ In the Matter of Colin W., a Person Alleged to be a Juvenile Delinquent, Appellant. [868 NYS2d 9]—

Order of disposition, Family Court, Bronx County (Juan M.

Merchan, J.), entered on or about July 11, 2007, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed acts which, if committed by an adult, would constitute the crimes of menacing in the second and third degrees, and placed him with the Office of Children and Family Services for a period of 12 months, unanimously modified, on the law, to the extent of vacating the finding as to menacing in the third degree and dismissing that count of the petition, and otherwise affirmed, without costs.

The court's fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The finding that appellant intentionally placed the victim in fear of physical injury by displaying what appeared to be a firearm (Penal Law § 120.14 [1]) was supported by evidence that appellant, accompanied by a large group, approached the victim while holding his hand at chest level under his jacket, in a position that the victim demonstrated for the benefit of the trier of fact, and angrily asked the victim whether he was "messing with my brother," causing the victim to be fearful of a physical attack. The wind then blew open appellant's unzipped jacket, revealing that appellant actually was holding a pistol in his right hand with his finger on the trigger. Although the uncovering of the weapon by the wind was not a conscious display, appellant had already engaged in conduct satisfying the element of display of an apparent firearm, as that element has been interpreted in robbery cases under Penal Law § 160.15 (4) involving the same element (*see People v Lopez*, 73 NY2d 214, 220-222 [1989]; *People v Baskerville*, 60 NY2d 374, 381-382 [1983]). Moreover, the position of appellant's hand and weapon as revealed by the wind gust permits an inference that the hand and weapon were positioned likewise just before the gust, which would have readily conveyed the impression that there was a firearm under the jacket.

The court should have dismissed the third-degree menacing count as a lesser included offense of second-degree menacing. Concur—Tom, J.P., Nardelli, Sweeny, McGuire and DeGrasse, JJ.