*93 OPINION OF THE COURT
Fahey, J.
Here we face the question of whether the facts of this case fit within our analysis in People v Lopez (73 NY2d 214 [1989]). We conclude they do. In Lopez, there was testimony that a defendant placed one of his hands under his clothing and conveyed to the witness that he had a gun. We held this evidence to be legally sufficient to establish display of what appears to be a firearm under Penal Law § 160.15 (4). Here, the evidence presented a question of fact for the jury to determine whether a reasonable person would believe that defendant displayed what appeared to be a firearm.
I.
Defendant was charged with attempted robbery in the first degree (Penal Law §§ 110.00 [attempt], 160.15 [4] [“forcibly steals property and . . . , in the course of the commission of the crime or of immediate flight therefrom, . . . (d)isplays what appears to be a . . . firearm”]). His identity as the perpetrator of the attempted robbery is not disputed. Rather, the question before us is whether the evidence is legally sufficient to establish that defendant’s conduct amounted to displaying what appeared to be a firearm. Defendant seeks reduction of his conviction to attempted robbery in the third degree.
At trial, the teller at a check cashing store testified that defendant demanded money, told her repeatedly that he had a gun, verbally threatened to shoot her, and “showed” her, by means of a hand placed under his sweatshirt, that a gun was concealed there. When defendant was arrested in the vicinity, after abandoning the robbery attempt, no firearm was recovered.
The precise moment at which defendant placed one of his hands under his hooded sweatshirt is not clear from the record. During her testimony, the teller physically demonstrated an action performed by defendant or a pose assumed by him, explaining that defendant “was doing this” and “showed me like this,” and that he thereby conveyed to her that he had a gun underneath his sweatshirt. Asked whether defendant had “reached into his waistband” and “put one of his hands under his hoodie,” she answered both questions in the affirmative. However, the teller was not expressly asked whether defendant placed his hand under his sweatshirt after entering the store.
*94 Defendant moved to dismiss on the ground that the teller’s testimony had been “extremely vague” in regard to his bodily stance or actions. The trial court denied the motion, citing People v Lopez, and reasoning that
“although words alone cannot constitute display-ting] what appears to be a firearm, . . . the words spoken by [defendant] consistent with the physical display ... in terms of his manipulations and his waistband . . . present a question of fact for the jury as to whether a reasonable person could perceive that there is the presence of a gun.”
The trial court instructed the jury on attempted robbery in the first degree as well as the lesser included offense of attempted robbery in the third degree. Defendant did not request a jury instruction on the affirmative defense to robbery in the first degree or an instruction on robbery in the second degree as a lesser included offense, and no such charge was provided to the jury. The jury found defendant guilty as charged.
On appeal, defendant challenged his conviction on legal sufficiency grounds. The Appellate Division affirmed the trial court’s judgment, holding that “[t]he prosecution presented sufficient evidence establishing that the defendant displayed what appeared to be a firearm while attempting to commit a robbery at a check-cashing store” (124 AD3d 918, 918 [2d Dept 2015]).
A Judge of this Court granted defendant leave to appeal (26 NY3d 1043 [2015]). We now affirm.
II.
A person is guilty of robbery in the first degree under Penal Law § 160.15 (4)
“when he [or she] forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he [or she] or another participant in the crime . . .
“[displays what appears to be a . . . firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such . . . firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged.”
The statute, enacted in 1969, “assumes that the object consciously displayed as a firearm was what it appeared to be and places on the defendant the burden of showing that it was *95 not, in which case he could only be convicted of the lesser, second degree offense [Penal Law § 160.10 (2) (b)]” (Lopez, 73 NY2d at 220, citing People v Lockwood, 52 NY2d 790 [1980]; see also Mem in Support, Bill Jacket, L 1969, ch 1012 at 3).
Defendant’s principal argument may be summarized as follows. The victim did not testify with precision as to whether defendant had his hand in his waistband from the beginning of the encounter or placed it there while threatening to shoot her. Therefore, defendant would have us conclude, a rational jury could not have found beyond a reasonable doubt that defendant performed an intentional act of displaying what appeared to be a firearm. Relatedly, defendant suggests that insofar as there is no evidence that he created the appearance of a gun being brandished or pointed toward the victim, the jury could not have reasonably inferred that he displayed what appeared to be a firearm. In a secondary argument, defendant contends that the People failed to prove that he consciously or deliberately displayed what appeared to be a firearm.
III.
The controlling precedent is People v Lopez. Nevertheless, a review of the background predating Lopez is informative.
In People v Lockwood (1980), the defendant held an object to the back of a gas station attendant’s neck and threatened to shoot him. The jury heard testimony that the defendant told the arresting officer that the object was a toothbrush. A toothbrush, and no gun, was found on the defendant’s person when he was arrested. The defendant requested a jury instruction on the affirmative defense to robbery in the first degree— that the firearm displayed “was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged” (Penal Law § 160.15 [4]) — and asked that the lesser included offense of robbery in the second degree be charged. The trial court denied both requests, and submitted to the jury the charge of robbery in the third degree as a lesser included offense.
On appeal from his conviction of robbery in the first degree, defendant Lockwood argued that, under the circumstances of the case, it was reversible error for the trial court to refuse his request to charge the jury regarding the affirmative defense. This Court agreed with the defendant and ordered a new trial, reasoning that “[w]ithout the benefit of the requested charge, the jurors may well have believed that defendant had commit *96 ted the robbery with a toothbrush, yet also believed that it was their duty to find him guilty of robbery in the first degree because the toothbrush which he displayed appeared to be a pistol” (Lockwood, 52 NY2d at 792).
Although we ruled that Lockwood should have been permitted the requested instruction on the affirmative defense, our decision contained an important observation. As we subsequently noted, this was “that even if defendant’s statement that he committed the robbery by holding a toothbrush in his coat pocket to simulate a gun were accepted as true, he could still be guilty of displaying what appears to be a firearm, and would succeed only in reducing his liability from first degree robbery to second degree” (People v Baskerville, 60 NY2d 374, 381 [1983]).
Later, we emphasized that the precise nature of the object that a defendant displays is not dispositive when analyzing whether a defendant displayed what appeared to be a firearm. In People v Baskerville (1983), the robber wrapped a towel around one of his arms, raised the arm, and pointed it at one of his victims, while threatening to kill her. There was also testimony that a witness saw a black object inside the towel, which she thought was a gun. We set out a two-part test: the People must prove that (1) the defendant “consciously displayed] something that could reasonably be perceived as a firearm,” and (2) it “appeared] to the victim by sight, touch or sound that [the victim was] threatened by a firearm” (Baskerville,, 60 NY2d at 381; accord William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 160.00 at 12 [2010 ed]).[1] We concluded that “[w]hen both of these requirements are satisfied, . . . the true nature of the object displayed is, as concerns criminality, irrelevant” (Baskerville, 60 NY2d at 381).
Baskerville did not address whether a defendant may be guilty under the same statute if he or she does not display any object that itself gives the appearance of a gun, but merely covers a hand in such a way that it seems to be holding or reaching for a gun. Our decision in People v Lopez (1989) then clari- *97 fled the issue that had been left unresolved, and held that the “object displayed” could be a hand.
In Lopez, the defendant said “this is a stick up” and demanded that the victim hand over a radio. The victim testified that Lopez simultaneously “put his hand in the right side of his vest ‘as if he had a gun’ ” (Lopez, 73 NY2d at 218). The victim surrendered the radio. A jury found Lopez guilty of robbery in the first degree under Penal Law § 160.15 (4), but the trial court set aside the verdict, concluding that there was no evidence of displaying what appeared to be a firearm because “there was no proof that when the defendant placed his hand inside his vest he ‘made the shape of any object or that the victim saw any object displayed’ ” (Lopez, 73 NY2d at 218). The Appellate Division reversed on the basis that although the display of what appears to be a firearm “requires a display of something that could reasonably be perceived as a firearm, there is no requirement that the object ... be anything other than the defendant’s hand” (People v Lopez, 135 AD2d 443, 443-444 [1st Dept 1987] [internal quotation marks, citations, and brackets omitted]).
The Court of Appeals affirmed. To sustain a conviction for robbery in the first degree (Penal Law § 160.15 [4]), “[t]he People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display” {Lopez, 73 NY2d at 220). A mere verbal threat is insufficient. The Court held, however, that “the object displayed need not closely resemble a firearm or bear a distinctive shape,” and may be an object “held inside a coat or otherwise obscured,” such as “[a] towel wrapped around a black object, a toothbrush held in a pocket or even a hand consciously concealed in clothing” {id. [citations omitted and emphasis added]).[2]
The Lopez Court framed the governing standard as follows. A defendant displays what appears to be a firearm within the *98 meaning of Penal Law § 160.15 (4) “if under all the circumstances the defendant’s conduct could reasonably lead the victim to believe that a gun is being used during the robbery” {Lopez, 73 NY2d at 220).
People v Mendez, a companion case to Lopez, was resolved in the same opinion. There, the defendant demanded that the victim hand over everything he had on him, taking a watch, chain, and cash. Meanwhile, another man sat on a nearby stoop, watching the robbery, with his right hand under his shirt. The victim testified that Mendez told the second man not to show or take out the gun. A jury found Mendez guilty of robbery in the first degree, on the theory that a defendant may be held liable for the acts of “another participant” who displays what appears to be a firearm during the robbery (Penal Law § 160.15). The trial court and the Appellate Division rejected Mendez’s argument that the evidence was insufficient to establish that he or the man on the stoop displayed what appeared to be a firearm. This Court, however, agreed with Mendez, holding that the conduct of the man on the stoop was not sufficient to constitute displaying what appeared to be a firearm, because the man did not “take any action” showing that he had a firearm, but “[o]n the contrary, throughout the robbery . . . simply sat on the stoop with his hand under his shirt, literally on the sidelines, immobile, inconspicuous and indifferent” {Lopez, 73 NY2d at 222).
Our decision in Lopez was not unanimous. The partial dissent would have reversed in Lopez as well as in Mendez, and wrote that “the majority has replaced the requirement that there be an actual display of some physical object appearing to be a gun with the far less exacting requirement of some symbolic gesture, other than speech, conveying nothing more than an impression that the robber may have such a physical object” (Lopez, 73 NY2d at 224-225 [Titone, J., dissenting] [citations omitted]). The dissenting Judges would have held “that the ‘display’ element is not satisfied absent proof that ‘something,’ be it a real gun, a toy gun or even a toothbrush or hand concealed in a pocket, has been brandished, pointed or poked at the victim” (id. at 226).
IV.
We reject defendant’s assumption that the timing of the moment at which the defendant places a hand under his clothing is dispositive of the legal sufficiency analysis. A victim may *99 reasonably believe that a gun is being used, on the basis of conduct that makes it appear that the defendant is holding a gun, regardless of whether the defendant makes a movement while addressing the victim or keeps his hand concealed throughout the encounter in a manner and location suggesting the presence of a gun. Whether a defendant displays what appears to be a firearm does not depend on when precisely the defendant begins the display, provided it occurs “in the course of the commission of the crime or of immediate flight therefrom” (Penal Law § 160.15 [4]).
Our precedents are not to the contrary. In particular, Mendez, the companion case to Lopez, does not stand for the proposition that a person who, throughout an encounter with a victim, leaves a hand concealed under clothing cannot be guilty of robbery in the first degree. The factual circumstances of Mendez were unique in that the second man did not approach the victim or signal involvement in the crime by any words or action.
It is true that in describing the grounds of legal sufficiency in Baskerville we observed that
“[t]he evidence . . . that the towel wrapped around the robber’s arm concealed a black object that appeared to one of the persons threatened to be a gun, and that the robber raised his arm toward a person and threatened to kill the person his arm was pointed at, was clearly sufficient to establish that the robber displayed what appeared to be a firearm” (Baskerville, 60 NY2d at 381-382).
However, Baskerville does not require, in every case, that the defendant perform an active movement perceived by the victim that makes it appear that he has a gun. Neither Baskerville nor Lopez addresses the scenario in which a defendant who demands money keeps a hand concealed in clothing throughout the encounter, and no decision of this Court on point has been brought to our attention.
A related argument offered by defendant is that there was no testimony that he used his hand to carry out a movement or to create a bulge in his clothing to give the appearance that he was pointing a gun at the teller or brandishing a firearm. The contention, drawing on the Lopez dissent, is that a defendant must make a pointing or waving movement or create some effect with his hand, other than purposefully placing it inside his *100 clothing, in order to display what appears to be a firearm. In other words, defendant appears to argue that, for a hand to be sufficient, the hand has to be used to simulate a gun, rather than to simulate a hand holding a gun.
This argument, however, is inconsistent with Lopez, which upheld the conviction of a defendant who simply placed his hand in one side of his vest as if he had a firearm (see Lopez, 73 NY2d at 221-222). Moreover, the Lopez Court emphasized that “the object displayed need not closely resemble a firearm or bear a distinctive shape” (Lopez, 73 NY2d at 220). The requirement that a hand be manipulated to look like a gun is inconsistent with our acceptance in Lopez that the thing displayed need not have a gun-like shape.[3]
Notably, defendant does not ask us to overrule Lopez. Nor would we. A rule such as the one outlined in the Lopez dissent would have inadequate grounding in policy: there is little reason to consider a robbery a graver crime if the victim formed the impression that the perpetrator was pointing a gun, as opposed to the impression that the perpetrator was reaching for a gun. To the extent a court might consider pretending to point a gun a more serious offense, such concerns are outweighed by the impractical nature of a law that would often require testimony as to the exact size, shape, and orientation of a bulge in a defendant’s vest or shirt. By contrast, Lopez offers a clear rule that has been followed consistently by the courts of this state in numerous decisions for nearly 30 years (see e.g. People v Williams, 100 AD3d 1444, 1445 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]; People v Welsh, 80 AD3d 456, 456-458 [1st Dept 2011], lv denied 16 NY3d 864 [2011]; People v Mitchell, 59 AD3d 739, 740 [2d Dept 2009], lv denied 12 NY3d 918 [2009]; People v Middleton, 247 AD2d 713, 713 [3d Dept 1998], lv denied 92 NY2d 856 [1998]; People v Avilla, 234 AD2d 45, 45 [1st Dept 1996]; People v Haney, 162 AD2d 613, 613-614 [2d Dept 1990], lv denied 76 NY2d 940 [1990]).
Defendant’s secondary argument concerning conscious intent is not persuasive. Certainly, the People were obliged to prove that defendant “conspicuously and consciously conveyed the impression” that he had a firearm (Lopez, 73 NY2d at 222). Here, the jury could have inferred from the testimony that de *101 fendant held one of his hands under his sweatshirt, while telling his victim that he had a gun, that he consciously intended to convey that he had a gun. Viewing the evidence in the light most favorable to the People, the jury could rationally have inferred, albeit circumstantially, that the hand placement was deliberate, and designed to back up the verbal threat with the simulated action of holding or reaching for a gun.
V.
The dissent argues that the legislature, in enacting the statute, was entirely concerned with “the evidentiary difficulty of proving that an actual gun was loaded and operable” (dissenting op at 106). Significantly, the dissent does not call for Lopez to be overruled. This is appropriate because Lopez interpreted a statute, and this Court rarely overrules its own interpretations of statutes, particularly where the defendant has not asked us to do so. However, the dissent’s conclusion on legal sufficiency (see dissenting op at 111-112) would require this Court to overturn Lopez.
Finally, we note that the affirmative defense to robbery in the first degree is equally as available to an unarmed robber who creates the impression of firearm possession as it is to a robber who possesses an unloaded or inoperable firearm (see Lockwood, 52 NY2d at 792). “[Rjobbery in the second degree is the appropriate offense when, in fact, the defendant has simply used his hand to create the impression he is armed with a gun. However, the burden is on the defendant to prove this as an affirmative defense at trial” {Lopez, 73 NY2d at 222 n 2 [citations omitted]). Defendant could have sought an instruction on robbery in the second degree but failed to do so.[4]
Defendant’s challenge to the legal sufficiency of the evidence against him fails. The jury could have found beyond a reasonable doubt that, under all the circumstances, defendant’s conduct could reasonably have led the victim to believe that a *102 gun was being used during the robbery (see Lopez, 73 NY2d at 220).
Accordingly, the order of the Appellate Division should be affirmed.

. Notwithstanding the dissent’s argument based on the legislative history, we have long recognized that the victim’s fear of harm is significant in cases involving the use or perceived threat of a firearm (see People v Hedgeman, 70 NY2d 533, 541 [1987] [describing the aggravating factors as “reflect(ing) a concern for the added element of physical harm, danger, and perceived threat of additional violence to the victims of the robbery”]).

. The dissent argues that our interpretation of Penal Law § 160.15 does not comport with the plain meaning of the word “display” and that if defendant had possessed a fireárm hidden under his sweatshirt it would naturally be described as “concealed” rather than “displayed” (see dissenting op at 103). This objection conflates displaying what appears to be a firearm with displaying a firearm. Even if defendant was attempting to conceal the true nature of the item beneath his sweatshirt, i.e., his hand, he was in no way concealing from the teller that he had something under his sweatshirt. On the contrary, he can fairly be characterized as displaying the appearance of a firearm.

. Contrary to the dissent, defendant is seeking reversal on a basis that we hold to be “controlled by our prior decisions” (dissenting op at 102). While defendant seeks to distinguish Lopez, we hold that Lopez is not distinguishable. However, defendant does not seek to overturn that decision.

. The dissent suggests that if a defendant had no firearm-like object other than his hand, then “the proper offense is third-degree attempted robbery” (dissenting op at 112). This would follow only on the dissent’s theory of the statute. Under Lopez, however, the appropriate offense is robbery in the second degree if the People prove that defendant displayed what appeared to be a firearm but defendant is able to prove that he had no firearm (see Lopez, 73 NY2d at 219, 220, 222 n 2). Robbery in the third degree (Penal Law § 160.05) is the proper offense only when a defendant forcibly steals property and neither displaying the appearance of a firearm nor any of the other aggravating factors is present (see Lopez, 73 NY2d at 219).