18 U.S.C. § 924(e)(2)(B). This case only concerns 18 U.S.C. § 924(e)(2)(B)(i), known as the "force" or "elements" clause. See Stuckey , 878 F.3d at 68. As to that clause, "the phrase 'physical force' means violent force-that is, force capable of causing physical pain or injury to another person." Johnson v. United States , 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).
2. New York Penal Law § 160.15(4)
Defendant challenges the characterization of his first-degree robbery conviction pursuant to New York Penal Law § 160.15(4). (See Def. Mot. 2.) New York Penal Law § 160.15(4) provides in relevant part:
A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
...
4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm ....
*469 N.Y. Penal Law § 160.15(4). Convictions under the statute are also categorized as class B felonies. Id.
ii. Convictions under New York Penal Law § 160.15(4) are categorically violent felonies
Defendant asserts that convictions pursuant to New York Penal Law § 160.15(4) are not violent felonies within the meaning of the ACCA because the statute does not necessarily require the application of violent force. (Def. Mot. 2.) Defendant provides actual examples of applications of New York Penal Law § 160.15 involving only de minimis force, including convictions involving at most "form[ation] [of] a human wall" and "tug-of-war." (Id. at 4.) As to the aggravating factor in subsection (4)-display of a firearm, Defendant hypothesizes that individuals may be convicted for merely throwing away their guns while fleeing. (Id. at 6.)
The Government contends that convictions under New York Penal Law § 160.15 are categorically violent felonies because they "necessarily entail[ ] the use of [violent] force". (Gov't Opp'n 3.) The Government argues that "the Second Circuit has repeatedly held ... robber[ies] of any degree" to be violent felonies because New York statutes require "proof of 'forcible stealing.' " (Id. at 5-6.) In addition, the Government contends that "forcibly stealing" has been defined "as the use or threatened force against another person ... to overcome any resistance ..." and cannot be accomplished by de minimis force. (Id. at 9.) The Government further argues that the display of a firearm provides the necessary force in and of itself. (Id. at 12.) The Government criticizes Defendant's hypotheticals and contends that a conviction under subsection (4) of New York Penal Law § 160.15 requires that the weapon be displayed for the purpose of effectuating a robbery or escape. (Gov't Suppl. Letter ("Gov't Letter") 2, Docket Entry No. 52.)
1. Stuckey forecloses Defendant's argument
As an initial matter, the Second Circuit has already held that convictions under subsection (4) of New York Penal Law § 160.15 are violent felonies within the meaning of the ACCA. See Stuckey , 878 F.3d at 64. In Stuckey , the Second Circuit considered an appeal of a denial of a 28 U.S.C. § 2255 motion to "vacate, set aside, or correct" the defendant's sentence for convictions under 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Id. Having conceded that New York Penal Law §§ 160.15(3) and (4) require violent force, the defendant instead argued that his convictions were not violent felonies because the statutes' intent requirements did not satisfy Leocal v. Ashcroft , 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004).[7] Id. The Second Circuit disagreed and affirmed the district court's decision, holding that "convictions under [ New York Penal Law §§ 160.15(3) and (4) ] constitute violent felonies under the ACCA's elements clause." Id. at 72. Although careful to note that the defendant had conceded the issue as to force, see id. at 70, the Second Circuit expressly explained that "[t]he ... '[d]isplay [of] what appears to be a [firearm]' in the course of a robbery well exceeds the degree of violent physical force the ACCA requires." Id. at 70 (internal citations omitted). The Second Circuit also circumscribed its holding as to force to subsections *470 (3) and (4) of New York Penal Law §§ 160.15, making clear that those subsections necessarily require violent force. See id. at 67 n.6 ("We need not address in this opinion the question of whether all New York robberies qualify as a 'violent felony' under the ACCA-i.e., whether just 'forcible stealing' requires the degree of force mandated by the 2010 Johnson decision."). Accordingly, the Court denies Defendant's motion to dismiss the indictment because, based on Second Circuit precedent, his first-degree robbery conviction under New York Penal Law § 160.15(4) is a violent felony within the meaning of the ACCA. See also United States v. Hill , 890 F.3d 51, 56 (2d Cir. 2018) ("[W]e have recently held that the force required to commit first-degree robbery in New York 'satisf[ies] the plain text of ... ACCA['s]' force requirement." (quoting Stuckey , 878 F.3d at 70 ) ); United States v. Steele , 729 Fed.Appx. 47, 49, 2018 WL 1612238, at *1 (2d Cir. Apr. 4, 2018) ("In Stuckey , we held that a conviction pursuant to subsection (4) of N.Y. Penal Law § 160.15 constitutes a 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(i).").
2. New York Penal Law § 160.15(4) is a violent felony requiring violent force under the modified-categorical approach
Even in the absence of the Second Circuit's binding authority, the Court finds that New York Penal Law § 160.15(4) is a violent felony, requiring violent force as an element.
A. The Court applies the modified-categorical approach
"To determine whether an offense is a [violent felony], courts employ what has come to be known as the 'categorical approach.' " Hill , 890 F.3d at 55 (citation omitted). Under this approach, courts "first identify the elements of the statute forming the basis of the defendant's conviction." United States v. Bordeaux , 886 F.3d 189, 193 (2d Cir. 2018) (citation omitted). "In doing so, [courts] examine what is the minimum criminal conduct necessary for conviction under [that] particular [state] statute, mindful that there must be a realistic probability ... that the State would apply its statute to conduct that constitutes the minimal criminal activity necessary for a conviction." Stuckey , 878 F.3d at 67 (citations and internal quotation marks omitted). "After identifying the elements of the offense, [courts] compare the minimum conduct necessary for a state conviction with the conduct that constitutes a violent felony under the ACCA." Bordeaux , 886 F.3d at 193 (citation and internal quotation marks omitted). "If the state statute sweeps more broadly-i.e. , it punishes activity that the federal statute does not encompass-then the state crime cannot count as a predicate violent felony for the ACCA's fifteen-year mandatory minimum." Id. (citation and internal quotation marks omitted).
"In some instances, an additional step is required because a 'statute[ ] ... ha[s] a more complicated (sometimes called 'divisible') structure ...." Stuckey , 878 F.3d at 67. "A divisible statute 'sets out one or more elements of the offense in the alternative.' " Hill , 890 F.3d at 55 n.6 (citation omitted). "If some but not all of the alternative elements would amount to a [violent felony], a court can 'modify' the categorical approach by looking at a limited set of documents, including the indictment, to consider under which portion of the statute the defendant was charged." Id. (citation omitted); Stuckey , 878 F.3d at 67 ("This approach is known as the modified categorical approach."). "After determining which portion was at issue, a court then applies the categorical approach to *471 that part of the challenged statute." Hill , 890 F.3d at 55 n.6 (citation omitted).
The modified-categorical approach applies in this action because New York Penal Law § 160.15 lists four different aggravating circumstances. See Stuckey , 878 F.3d at 67 (applying the modified-categorical approach because "New York's first degree robbery statute lists four different aggravating circumstances, or different ways of committing the offense"); United States v. Jones , 878 F.3d 10, 16-17 (2d Cir. 2017) ("New York's first-degree robbery statute is divisible and therefore subject to the modified categorical approach."). Because the parties agree that Defendant was convicted only under subsection (4) of N.Y. Penal Law § 160.15, the Court applies the categorical approach only as to that subsection. See Stuckey , 878 F.3d at 67.
B. The display of a firearm alone is sufficient to satisfy the requirement of violent force
The display of a firearm alone under New York Penal Law § 160.15(4) constitutes sufficient threatened use of violent force to satisfy the 2010 Johnson decision. See United States v. Nieves-Galarza , 718 Fed.Appx. 159, 163 (3d Cir. 2017) ("The ACCA's elements clause can be satisfied not only through the 'use of force,' but also through the 'threatened use of physical force against the person of another.' " (quoting 18 U.S.C. § 924(e)(2)(B)(i) ) ). "The New York Court of Appeals has explained that the reason for making the display of a firearm an aggravating statutory factor is the 'effect upon the victim put in fear of his or her life.' " Id. (quoting People v. Baskerville , 60 N.Y.2d 374, 381, 469 N.Y.S.2d 646, 457 N.E.2d 752 (1983) ). "And it has interpreted the 'display' of a firearm in violation of § 160.15(4) as something more than 'a mere threat to use one.' " Id. (quoting People v. Lopez , 73 N.Y.2d 214, 221, 538 N.Y.S.2d 788, 535 N.E.2d 1328 (1989) ). These binding state court precedents establish that New York Penal Law § 160.15(4) requires the firearm to be displayed in a manner that may reasonably be perceived as threatening to a victim, "well exceed[ing] the degree of violent physical force the ACCA requires." Stuckey , 878 F.3d at 70 ; see Baskerville , 60 N.Y.2d at 381, 469 N.Y.S.2d 646, 457 N.E.2d 752 ("The defendant must consciously display something that could reasonably be perceived as a firearm with the intent of compelling an owner of property to deliver it up or for the purpose of preventing or overcoming resistance to the taking."); see also Bordeaux , 886 F.3d at 194 ("[E]ven a mere threat to use a firearm that one does not in fact have still qualifies as the 'threatened use of physical force' within the meaning of ACCA.").
Consistent with binding precedent under New York State law, Defendant also fails to provide any example of an application of subsection (4) of N.Y. Penal Law § 160.15 involving only de minimis force. The concrete examples Defendant proffers relate only to "forcibly stealing,"[8] an element common to first-degree robberies generally, but not the "display of a firearm," an element specific to subsection (4). Defendant instead only provides a hypothetical *472 that a person may be convicted for merely throwing away a gun while fleeing. The Second Circuit, however, has recently reinforced the need for a "realistic possibility that a perpetrator could effect [the crime at issue] in the manner [the defendant] posits without employing or threatening physical force." Hill , 890 F.3d at 57 n.9 ; see Stuckey , 878 F.3d at 67. Reliance on hypotheticals alone has thus been discouraged. See Hill , 890 F.3d at 57 n.9 ; see also Gonzales v. Duenas-Alvarez , 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007) ("To show [a] realistic probability, an offender ... must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues."). Accordingly, the Court finds that New York Penal Law § 160.15(4) is categorically a violent felony, requiring violent force pursuant to New York state case law as supported by the lack of any contrary concrete examples. See Nieves-Galarza , 718 Fed.Appx. at 163 ; United States v. Lassend , No. 10-CR-40019, 2017 WL 2960518, at *15 (D. Mass. July 11, 2017) ("The display of what appears to be a firearm therefore constitutes the threatened use of violent force, and [ section] 160.15(4) is thus a 'violent felony' under the force clause of the ACCA."), certificate of appealability granted , 265 F.Supp.3d 103 (D. Mass. 2017).
II. Conclusion
For the reasons discussed, the Court denies Defendant's motion to dismiss the indictment.
SO ORDERED:

Defendant does not challenge the intent requirement which is also foreclosed by Stuckey . See also United States v. Bordeaux , 886 F.3d 189, 193 (2d Cir. 2018) ("To qualify as a violent felony under the 'elements clause' of ACCA, an offense must be defined so as to require both intent and the use, attempted use, or threatened use of 'violent force.' ").

The Court does not reach the issue of whether the "forcibly stealing" element requires the necessary violent force, an issue the Second Circuit declined to address in Stuckey . Many district courts, however, have held that it does not. See United States v. Moncrieffe , 167 F.Supp.3d 383, 403 (E.D.N.Y. 2016) (collecting cases); but see Belk v. United States , No. 01-CR-180, 2017 WL 3614446, at *6 (S.D.N.Y. Aug. 22, 2017) ("Those decisions are unpersuasive, in that they ignore the implicit threat of physical harm that is inherent in blocking a robbery victim with a human wall." (citation omitted) ).