People v Allende (2019 NY Slip Op 00195)





People v Allende


2019 NY Slip Op 00195


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7219 3597/15

[*1]The People of the State of New York, Respondent,
v
Marcelino Allende, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered May 13, 2016, convicting defendant, after a jury trial, of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to concurrent terms of eight years, modified, on the facts, to the extent of vacating the first-degree robbery conviction and dismissing that count, and otherwise affirmed.
Except as indicated, defendant's arguments concerning the weight of the evidence are unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's accessorial liability could be reasonably inferred from the entire course of conduct of defendant and his codefendant before, during and after the crime (see generally Matter of Juan J., 81 NY2d 739 [1992]; People v Allah, 71 NY2d 830 [1988]).
However, the evidence did not establish the element of display of what appeared to be a firearm (see People v Smith, 29 NY3d 91, 96 [2017]). The robbery was accomplished by assaulting the victim and taking his wallet. Although an eyewitness saw the display of what appeared to be a firearm, there was no evidence that the victim ever saw it (see People v Moon, 205 AD2d 372, 372 [1st Dept 1994], lv denied 84 NY2d 870 [1994]).
We perceive no basis for reducing the remaining sentences.
The Decision and Order of this Court entered herein on October 18, 2018 (165 AD3d 507 [1st Dept 2018]) is hereby recalled and vacated (see M-5305 decided simultaneously herewith).
All concur except Renwick, J.P. and Moulton, J. who dissent in part and concur in part in a memorandum by Renwick, J.P. as follows:




RENWICK, J.P. (concurring in part and dissenting in part)


While I agree to vacate defendant's conviction for robbery in the first degree and affirm the conviction for robbery in the second degree, a sentence of imprisonment of five years on the second-degree count would be more appropriate under the facts of this case than the term of imprisonment of eight years imposed by the court.
Defendant was only 21 years old when he was involved in the instant crime and this is his first felony conviction. Defendant's mother died when he was 16 years old and he has struggled with untreated depression and bipolar disorder. Under the circumstances, "I do not see how the principal objectives of societal protection, rehabilitation, and deterrence are served by the punishment imposed by the Supreme Court as affirmed by this Court" (People v Watson, 163 [*2]AD3d 855, 880 [2d Dept 2018] [Barros dissent]; see also People v Farrar, 52 NY2d 302, 305 [1981]: People v Oliver, 1 NY2d 152, 160 [1956]). Instead, in my view, incarceration in state prison for a term of imprisonment of five years would be sufficient to impress upon defendant the seriousness of his actions, and to ensure that he receives the medical treatment and counseling which he needs.
Although vicariously liable for the codefendant's actions, significantly, it is undisputed that it was the codefendant, Nicholas Caldwell, who violently punched the victim, resulting in his fall to the sidewalk. Yet, the codefendant received only a five-year sentence of imprisonment, while defendant, who went to trial, received the harsher term of eight years. Under the circumstances, the imposition of eight years of imprisonment appears to be an unnecessarily harsh response to defendant's exercise of his right to go to trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK