People v Gamble (2020 NY Slip Op 07394)





People v Gamble


2020 NY Slip Op 07394


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-06346
 (Ind. No. 1703/17)

[*1]The People of the State of New York, respondent,
v
Shamrock Gamble, appellant.


Janet E. Sabel, New York, NY (Katheryne M. Martone of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruce Balter, J.), rendered March 7, 2018, as amended March 19, 2018, convicting him of robbery in the first degree, attempted robbery in the second degree, and assault in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 20 years followed by 5 years of postrelease supervision on the conviction of robbery in the first degree, to run consecutively to concurrent, determinate terms of imprisonment of 7 years followed by 3 years of postrelease supervision on each of the convictions of attempted robbery in the second degree and assault in the second degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant was convicted, after a jury trial, of robbery in the first degree, among other crimes, in connection with a robbery that occurred inside a medical supply store in February 2017. On appeal, the defendant contends that the evidence was legally insufficient to support his conviction of robbery in the first degree and that his conviction on this count was against the weight of the evidence because the evidence established that the gun he displayed during the commission of the crime was not real. 
"A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (Penal Law § 160.15[4]). To satisfy the "display" element, "[t]he People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display" (People v Lopez, 73 NY2d 214, 220; see People v Baskerville, 60 NY2d 374, 381). The statute also provides that "it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15[4]). If the defendant proves the affirmative defense by a preponderance of the evidence, the crime is reduced to robbery in the second degree (see People v Lopez, 73 NY2d at 219). 
Initially, the defendant's challenge to the legal sufficiency of the evidence supporting his conviction of robbery in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of this count beyond a reasonable doubt. 
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict finding the defendant guilty of robbery in the first degree, and the jury's rejection of the affirmative defense under Penal Law § 160.15(4), was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The evidence adduced at trial established, among other things, that the defendant pointed what appeared to be a gun at an employee of the medical supply store and demanded money. The employee gave the defendant the money she had in her bag. In addition, when the employee tried to use the phone to call the police, the defendant pointed the gun at her and said, "Don't do it." The employee dropped the phone and put her hands up.
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80). 
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court