People v Hamadou (2023 NY Slip Op 04727)

People v Hamadou

2023 NY Slip Op 04727

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Ind. No. 169/16 Appeal No. 615 Case No. 2017-02379 

[*1]The People of the State of New York, Respondent,
v
Barry Hamadou, Defendant-Appellant.

Mark W. Zeno, New York (Megan D. Byrne of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Daniel Conviser, J.), rendered February 28, 2017, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a prison term of six years to be followed by five years of postrelease supervision, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). The People proved the element of "displays what appears to be a . . . firearm" (Penal Law §160.10 [2][b]) by presenting evidence that defendant placed his hand in his pocket and pointed it at the complainant, demanding that she give him money. This evidence established that defendant displayed something that could reasonably be perceived as a firearm, and that the complainant believed that defendant was threatening her with a firearm (see People v Lopez, 73 NY2d 214, 220 [1989]; People v Baskerville, 60 NY2d 374, 381 [1983]; People v Smith, 77 AD3d 564, 565 [1st Dept 2010], lv denied 16 NY3d 837 [2011]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023