People v Flores (2024 NY Slip Op 00382)

People v Flores

2024 NY Slip Op 00382

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Ind. No. 2243/19 Appeal No. 1539 Case No. 2020-04117 

[*1]The People of the State of New York, Respondent,
v
Christopher Flores, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew H. Chung of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele S. Rodney, J.), rendered October 7, 2020, convicting defendant, after a jury trial, of robbery in the second degree and robbery in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, unanimously affirmed.
The verdict for second-degree robbery was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's determinations concerning credibility. The bank teller testified that, upon approaching her, defendant handed her a note which demanded money and stated that defendant had a gun. Further, defendant was holding a bag in which a gun could be concealed and inside which he held his hand during most of the encounter. Video evidence also shows defendant patting his pocket. Defendant's actions were sufficient to establish that he displayed what appeared to be a firearm (Penal Law § 160.10[2][b]), as they "consciously manifest[ed] the presence of an object to the victim in such a way that the victim reasonably perceive[d] that [he] ha[d] a gun" (People v Lopez, 73 NY2d 214, 222 [1989]; see also People v Smith, 29 NY3d 91 [2017]; People v Welsh, 80 AD3d 456, 457 [1st Dept 2011], lv denied 16 NY3d 864 [2011]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024