People v Sims (2025 NY Slip Op 03916)

People v Sims

2025 NY Slip Op 03916

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

464 KA 22-00395

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT SIMS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered February 9, 2022. The judgment convicted defendant upon a jury verdict of grand larceny in the fourth degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law
§ 155.30 [5]) and robbery in the second degree (§ 160.10 [2] [b]). Defendant contends that the evidence is legally insufficient to establish that the victim perceived the "display[ ]" of a firearm. To establish the "display" element of the robbery statute, "[t]he People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display" (People v Lopez, 73 NY2d 214, 220 [1989]; see People v Nelson, 177 AD3d 1258, 1259 [4th Dept 2019], lv denied 34 NY3d 1161 [2020]). "[T]he display requirement has been construed broadly to cover a wide range of actions which might reasonably create the impression in the mind of the victim that the robber is armed with a firearm" (Lopez, 73, NY2d at 220-221). Thus, it has been held that a hand consciously concealed in clothing may satisfy the display requirement "if under all the circumstances the defendant's conduct could reasonably lead the victim to believe that a gun is being used during the robbery" (id. at 220; see People v Smith, 29 NY3d 91, 97-99 [2017]; People v Williams, 100 AD3d 1444, 1445 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant, during the course of the robbery, "by his actions, consciously manifest[ed] the presence of an object to the victim in such a way that the victim reasonably perceive[d] that" defendant had a firearm (Lopez, 73 NY2d at 222; see People v Moody, 278 AD2d 862, 862-863 [4th Dept 2000]; People v Van Voorhis, 207 AD2d 1023, 1023-1024 [4th Dept 1994], lv denied 84 NY2d 1016 [1994]). Furthermore, although a finding that defendant did not display a firearm would not have been unreasonable (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that, upon viewing the evidence in light of the elements of the crime of robbery in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Defendant further contends that the victim's identification testimony should have been suppressed because the pretrial identification procedure was unduly suggestive. Even assuming, arguendo, that the identification procedure was unduly suggestive, we conclude that any error in admitting the victim's identification of defendant is harmless beyond a reasonable doubt (see People v Howard, 209 AD2d 1014, 1014 [4th Dept 1994], affd 87 NY2d 940 [1996]; People v Owens, 74 NY2d 677, 678 [1989]; People v Burton, 191 AD3d 1311, 1313-1314 [4th Dept [*2]2021], lv denied 36 NY3d 1095 [2021]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court